THE CITY OF CHICAGO *et al.*

, *v.*

THE PEOPLE *ex rel.* Union Trust Company.

*Opinion filed April 17, 1905.*

1. MANDAMUS—*answer must state positive facts relied upon as defense.* The answer to a petition for *mandamus* must state positive and definite facts relied upon as a defense, and if the answer consists merely of general statements and conclusions of the pleader the relief will be granted on the petition.

2. SAME—*material facts not denied by answer are admitted.* Material facts alleged in a petition for *mandamus* and not denied or traversed by the defendant's pleadings must be taken as true.

3. SAME—*duty of a city seeking to avoid mandamus to compel payment of a lawful claim.* A city seeking to defeat a petition for *mandamus* to compel the payment of a claim against it, admitted to be just, on the ground that the revenues it can lawfully raise are inadequate, must set out in detail all of its items of receipts and expenditures, so the court can see it is not the fault of the city that the debt is not paid and that it is doing all it can to pay it.

4. SPECIAL ASSESSMENTS—*installment vouchers for city's portion of debt draw interest until paid.* Vouchers issued for installments representing the city's portion of a special assessment draw interest until paid, upon the same conditions as the portion of the assessment payable by private parties.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

The appellee, the People of the State of Illinois *ex rel.* the Union Trust Company, filed its petition in the superior court of Cook county against the city of Chicago and its mayor and board of aldermen, praying for a writ of *mandamus* to compel them to provide, by proper appropriation, for the payment of certain indebtedness of the city. The petition alleged that the city of Chicago had by ordinance, at various times, provided for the making of certain local improvements, and that in the special assessment proceedings therefor various sums of money were assessed against the city of Chicago as its share of the public benefits; that special assessment vouchers were issued to the contractors, which vouchers were subsequently sold by them to the Union Trust Company; that these vouchers, together with large sums of interest, were due and unpaid, and that the city council had refused to make appropriations for the payment of the same. The prayer of the petition was for a writ of *mandamus* directed to said city authorities, commanding them to appropriate in their next annual appropriation ordinance such sum or sums of money as were necessary to pay said public benefits, and interest thereon.

The answer of the respondents substantially admits all the material allegations of the petition, but alleges that the vouchers did not carry interest beyond their maturity, and that on account of the financial condition of said city it is unable to make appropriations for the purposes required.

A reply to this answer was filed by petitioner, and on a hearing upon petition, answer and reply to the petition taken and considered as a demurrer to the answer, a peremptory writ of *mandamus* was issued commanding respondents to make an appropriation covering the amount set out in the petition, together with interest thereon, both before and after maturity, approximating $1175.82. This judgment has been affirmed by the Appellate Court.

ROBERT REDFIELD, and FRANK JOHNSTON, Jr., (EDGAR BRONSON TOLMAN, Corporation Counsel, of counsel,) for appellants.

HOLDEN & BUZZELL, (WILLIAM H. HOLDEN, of counsel,) for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

The answer of appellants admits the material allegations of the petition, but seeks to avoid the issuing of the writ upon the ground the city does not have the financial means, income and revenue out of which to appropriate the money necessary to pay the public benefits; that the city is indebted in excess of the amount of its constitutional limitations; that it cannot lawfully incur any further indebtedness; that it can not lawfully borrow money for the payment of the public benefits or for carrying on its general municipal duties; that it is charged with the primary duty of maintaining its police and fire departments and paying the expenses of the business of the municipality, and for these reasons it is impossible to pay the public benefits for which it is liable.

We do not deem it necessary to decide the question presented as to the first duty of a municipality to maintain its police and fire departments and pay its municipal expenses. When a petition for a writ of *mandamus* is filed, the answer of the respondent must state positive and definite facts upon which it relies in defense. The conclusions of the pleader

are not sufficient, and if the answer consists merely of general statements and conclusions the relief will be granted. (*People* v. *Town of Mt. Morris,* 145 Ill. 427; *People* v. *Mercer County,* 51 id. 191; *People* v. *Logan County,* 63 id. 374.) The material allegations of the petition not denied or traversed are also considered to be true. (*People* v. *Crabb,* 156 Ill. 155; *Chicago and Alton Railroad Co.* v. *Suffern,* 129 id. 274.) The answer in this case alleges that the income available, from all sources, for the current year will not exceed $11,409,466.46, and that the actual necessities of the city for operating expenses alone, excluding necessities for debts and for betterments, as presented by the heads of departments, exceed $16,000,000; that there are now public judgments unpaid amounting to $1,000,000, which stand in the same position as those in which the relator is interested; that there are other judgments against the city amounting to $4,000,000, and that the bonded indebtedness amounts to over $15,000,000. We are of the opinion that the answer is entirely too general, consisting of conclusions and allegations of the pleader and failing to state traversable facts, to defeat the petitioner's right to the writ. The answer alleges the amount of the total income and the amount of the actual necessary operating expenses. There is no attempt to itemize the resources and there is no attempt to itemize the expenses, so the court can ascertain whether items included in those expenses are actually necessary or not. In other words, the items of receipts and expenses are merely the conclusions of counsel, and are so general in their terms that they do not come within the rules of pleading above announced. A city is liable for its various items of indebtedness similar to those for which this petition was filed, and it is the duty of city authorities to make proper appropriations for the payment of the same. If the city fails in this duty, the courts, upon a proper showing, will grant the creditors relief. When application is made for relief and it is admitted that the claim is a proper debt against the city, the burden is upon the city to

show that it is doing all in its power to liquidate the same. In order to avoid a writ of *mandamus* it must set out clearly and definitely, in detail, all of its items of receipts and expenditures, so that the court can see that it is not the fault of the municipality that the debt is not paid. (See authorities above cited.) The answer filed in this case falls far short of those requirements, and the court committed no error in awarding the writ. To sustain the position of respondents would be to practically justify the repudiation of a debt admitted to be justly due and unpaid.

The judgment of the court directed the payment of interest on the vouchers held by appellee, both before and after their maturity, and this is assigned as error. From the petition it appears that the most of the special assessment proceedings were confirmed in 1892 and 1893. Section 24 of chapter 24 of Hurd's Statutes of 1893 (p. 271) provides that it shall be the duty of the commissioner to examine the locality where the improvement is proposed to be made, and the lots, blocks, tracts and parcels of land that will be specially benefited thereby, and to estimate what proportion of the total cost of such improvement will be of benefit to the public and what proportion will be of benefit to the property, and apportion the same between the city or village and such property, so that each shall bear its relative equitable proportion. Section 55 of the same chapter (p. 276) provides that the assessment shall be divided into five installments, the last four of which shall bear interest at the rate of six per cent per annum, payable in each year from and after the first day of April next succeeding the confirmation of said assessment. Section 63 of the same act provides that the municipal authorities shall issue a voucher to the person or persons entitled thereto for each equal part of the contract price, payable in the same order and manner that the installments are payable, and said voucher shall bear the same rate of interest per annum that said installments bear. From these sections of the statute it is clear that the several installments assessed

against private individuals shall bear interest from their date until maturity, and that they shall also bear interest until paid. The portion of the assessment payable by the public seems to be placed upon the same footing as the portion payable by private individuals, and while the statute does not specifically provide for interest on the amount of assessments against the public, we think it sufficiently appears that such was the intention of the legislature. No reason is perceived why a distinction should be made in this regard between private individuals and the public.

We find no reversible error, and the judgment of the Appellate Court is affirmed.                *Judgment affirmed.*