(No. 26124.—■■■■■■■■■)

THE PEOPLE *ex rel.* Mercantile National Bank of Chicago, Appellee, *vs.* THE CITY OF CHICAGO *et al.* Appellants.

*Opinion filed Sept. 15, 1941—Rehearing denied November 12, 1941.*

BARNET HODES, Corporation Counsel, (J. HERZL SEGAL, and SYDNEY R. DREBIN, of counsel,) for appellants.

ARTHUR A. SULLIVAN, and MARKMAN, DONOVAN & SULLIVAN, (JOHN P. SULLIVAN, and HENRY O. NICKEL, of counsel,) for appellee.

Mr. JUSTICE GUNN delivered the opinion of the court:

On September 13, 1939, the Mercantile National Bank of Chicago, as assignee of a judgment against the city of Chicago recovered by the Industrial Refuse Disposal Company, filed a *mandamus* suit to compel payment. Judgment awarding *mandamus* against the city and its proper officers

was entered by the circuit court of Cook county, and, upon appeal, affirmed by the Appellate Court for the First District. Petition for leave to appeal to this court has been allowed.

The Industrial Refuse Disposal Company obtained a judgment against the city of Chicago on April 22, 1936, for $79,645. After assignment, the appellee made demand upon the city for payment, and, in default thereof, this suit was instituted. The answer of the city admits the obtaining of the judgment but denies having funds on hand available and sufficient with which to pay. The answer further alleges that the judgment of plaintiff was not next in order of payment as required by the provisions of section 88 of the general ordinances of Chicago, because $240,749 of judgments rendered before that of appellee remained unpaid. The answer further alleges that while it appeared there was $261,314 in the "judgment fund" appropriated for the payment of judgments, nevertheless the city of Chicago has paid judgments from its "corporate purposes" fund to the amount of $621,711.88, which, when charged back against the judgment fund, leaves a deficit therein by reason of which the city is unable to pay. The sum last mentioned includes $600,000 to policemen and firemen who had been retired, but whom the city was required by *mandamus* to restore to their positions, with the consequence that that amount of back salaries became due and payable to them.

At the time the *mandamus* order was entered in this case there had been paid from said judgment fund, on account of judgments for which appropriations and levies had been made, approximately $40,000, leaving in said fund a sum in excess of the judgment of petitioner. The judgment fund is raised from an appropriation and levy different from the "corporate purposes fund." When the *mandamus* order of the court requiring the reinstatement of policemen and firemen was entered they became entitled to their

back pay, less amounts due to annuity and benefits funds and pensions paid during time of retirement. The salaries of policemen and firemen were paid from the "corporate purposes fund." The judgment in *mandamus* had the effect of adjudging them to be employees of the city during the time they had been retired and ordering them paid. In considering the manner of their payment the corporation counsel advised the city comptroller that the salary of these reinstated employees could be paid by the city borrowing money from other funds not immediately necessary for the purpose for which they had been appropriated, under section 3 of article 7 of the Cities and Villages act (Ill. Rev. Stat. 1939, chap. 24, par. 103) and the same added to the next year's levy.

The chief clerk of the city comptroller testified that this sum of $600,000 was advanced from the "corporate purposes fund." Appellants claim they are entitled to consider it to have been taken from the "judgment fund," which was created from collections of levies for 1936, 1937 and 1938, to pay judgments then existing against the city of Chicago. The judgment entitling the policemen and firemen to their back pay was not included in these appropriations and levies because it was not entered until July 14, 1938, after they were made. We think the Appellate Court was correct in holding that the judgment fund had not been depleted by the payment of back salaries of policemen and firemen under the *mandamus* order, not only because they were shown to have been paid out of money borrowed from other funds, but for the further reason that they were not included within the appropriations for which the levies were made. At the time of the judgment in this case it therefore appears there was in the judgment fund sufficient money to pay the judgment of the petitioner.

The answer of the appellants also pleads an ordinance which, in effect, provides that whenever the city council shall make provision in the annual appropriation bill for

the payment of judgments they shall, unless otherwise specifically provided for in the appropriation bill or special order of the city council, be paid in the order of the date of entry upon the records of the court. It is then alleged that on September 13, 1939, there were still judgments outstanding and unpaid entered subsequent to January 1, 1935, and prior to April 22, 1936, aggregating the amount of $240,749. The date January 1, 1935, is fixed as the starting date because judgments entered prior to that time were authorized to be refunded under the Judgment Tax Fund act (Laws of 1935, p. 545) providing for the payment of judgments entered prior to January 1, 1935.

The ordinance just referred to contains also the following provisions: "Provided that if, after the comptroller has sent notice by registered mail to the judgment creditor that such claim is ready for payment, and such judgment creditor fails to present such claim for payment within 15 days, then judgments next in order of entry shall be paid." The answer of the city leaves it to inference that the comptroller has sent out notice to other judgment creditors because there is no allegation to that effect, and there is a further inference that if such notices were sent the other judgment creditors had failed to present their claims, because the city's answer shows that only $40,000 of judgments appropriated for have been paid.

Where a clear legal right to *mandamus* has been alleged by a petitioner the answer must be specific and state positive and definite facts of defense and not conclusions, otherwise relief will be granted upon the petition. (*City of Chicago* v. *People,* 215 Ill. 235; *Chicago and Alton Railroad Co.* v. *Suffern,* 129 id. 274.) The Civil Practice act applies to *mandamus* suits. (Ill. Rev. Stat. 1939, chap. 87, par. 11.) Sub-section 3 of section 40 of the Civil Practice act provides: "Denials must not be evasive but fairly answer the substance of the allegation denied" and sub-section 4 of section 43 provides: "The facts constituting

any affirmative defense such as payment" etc., or where recovery cannot be had by reason of any statute, etc., must be plainly set forth in the answer or reply. It was within the knowledge of the respondent whether its comptroller had sent out notice to the other judgment creditors, or whether such judgment creditors, if notified, had presented claim for payment within fifteen days. Assuming the ordinance to be valid, it was in the nature of a local law, which would require the respondent to state definite and specific facts showing that under its terms it was excused from paying a valid judgment when it had funds on hand applicable for such purpose.

While it appears that there are other judgments against the city of Chicago entered before January 1, 1935, the evidence discloses that they are payable out of the judgment tax fund created by a special tax, which cities having a population in excess of 150,000 could levy to pay any judgment for any liquidated debt prior to the first day of January, 1935. (Laws of 1935, p. 545.) Under this act, which contains a provision that the money, when collected, shall be applied to paying judgments in the order in which they were obtained, it has been held that the question of priority of payment cannot be raised in a *mandamus* suit where there is nothing in the record to show that any other judgment creditors are making a claim out of the same fund. (*People* v. *Kelly,* 361 Ill. 54.) The principle is applicable here.

The appellee, having made its application for *mandamus* to compel the payment of a judgment, and funds appearing available in the city treasury for the payment thereof, it is entitled to the writ of *mandamus* prayed for.

The judgment of the Appellate Court for the First District, affirming the judgment of the circuit court of Cook county, is affirmed.

*Judgment affirmed.*