People ex rel. Daniel Harty et al., Petitioners-Appellants, v. Roy O. Gulley, County Judge of Franklin County, Illinois et al., Respondents-Appellees.

Term No. 54–F–9.

Opinion filed May 10, 1954. Released for publication June 3, 1954.

HILL & HILL, of Benton, and FRANK BONAN, of, McLeansboro, for appellants.

JOSEPH W. HICKMAN, State's Attorney of Franklin County, and ROY O. GULLEY, *pro se,* both of Benton, for respondent-appellee.

WILLIAM G. EOVALDI, and ELMER JENKINS, both of Benton, for intervenor-appellee.

MR. PRESIDING JUSTICE SCHEINEMAN delivered the opinion of the court.

This is a mandamus suit brought by the members of the Board of Education of Community Consolidated

School District No. 101 of Franklin and Hamilton counties, Illinois, and a resident taxpayer of that district, against the county judge of Franklin county to expunge two orders of that court entered on June 4 and June 6, 1952, purporting to detach 670 acres of land lying in Franklin and Hamilton counties from said District No. 101 and annexing the same to Community Consolidated School District No. 115 of Franklin county, pursuant to sec. 8—6 of the School Code then in force (1949 Ill. Rev. Stats., chap. 122, sec. 8—6 [Jones Ill. Stats. Ann. 123.855]).

The Board of Education of District No. 115 filed a petition for leave to intervene which was allowed over the objections of the relators, and this is one of the errors assigned.

The respondent county judge and the intervenor filed separate motions to dismiss the petition for mandamus, which were sustained. The relators elected to stand on their petition for mandamus and judgment was entered dismissing the suit and that relators take nothing. They have perfected this appeal.

 As to the question of intervention, the action of the court in permitting the Board of Education of the affected area to intervene was clearly correct. Undoubtedly the board has been acting in reliance upon the orders entered in 1952, and if those orders are nullified, new arrangements would be involved. Intervention in mandamus follows the general principle that a person directly affected by the proceedings will be permitted to intervene. 34 Am. Jur. Mandamus, sec. 339.

The prayer to expunge the court orders was based upon the assertion that they were void for want of jurisdiction in the court which entered them. The principal ground for this assertion is based upon the statutory provision previously mentioned (sec. 8—6 School

Code of 1949) which contains these words: "The county judge of the county in which the greater part of the territory of the district lies shall have the power to grant or deny a petition to change the boundaries of community consolidated school districts . . . so as:
. . .

"3. To detach territory from any community consolidated school district or from any community unit school district and annex to an adjacent community consolidated school district . . .

"3–1. . . . the county judge shall cause a notice of the presentation of such petition to be given by publishing a notice thereof at least once each week for three successive weeks in at least one newspaper having general circulation within the area of the territory involved in the proposed change of boundaries."

It will be seen that the jurisdiction to pass on a petition to "change the boundaries" of a school district was placed in the county where "the greater part of the territory of the district lies." The petition for mandamus alleges facts, admitted by the motion, that show the greater part of District No. 101 lies in Hamilton county. It is undisputed that the greater part of District 115 lies in Franklin county where the orders were entered.

 When territory is detached from one district and annexed to another, there will necessarily be two districts having a change in boundaries. The statute does not give any preference to one over the other. Since the proceedings involved the purpose of changing the boundaries of District 115, the greater part of which lies in Franklin county, that county came within the precise terms of the statute. Obviously the statute does not, and could not, require that the greater part of *both* districts be in the county, for there would be no place answering that description. Franklin county ful-

filled the only requirement mentioned in the statute, therefore, we must hold the orders were entered in a proper jurisdiction.

However, relators also contend that the proceedings were void for the reason that the court orders did not contain any specific finding that the greater part of any district was within the county. Actually the orders did contain some findings: they recited that the proceedings in the cause were in accordance with the statute, that the statute had been fully complied with, and that after hearing evidence the issues were found in favor of the petitioners.

 In our opinion, the content of the orders, in respect to findings, is unimportant. There are, of course, statutory proceedings in which special findings of some sort are expressly required. The procedure before the Illinois Commerce Commission is an example. There is nothing of that nature involved in this case. The statute merely gives power to the county court to grant or deny the petition, without requiring findings of any kind. There is no authority in this court to insert by construction, requirements as to findings which are not found in the statute.

 Relators' argument is based upon the principle that the presumptions in favor of jurisdiction, which are applied to courts of general jurisdiction, are not extended to a court exercising a special statutory jurisdiction. There is no doubt of the validity of the principle, but it has reference to the proceedings, not the form of the order. Where the record shows some attempt to meet legal requirements, but which falls short thereof, or where the record is silent, presumptions are sometimes indulged in courts of general jurisdiction, that there was some action taken in full compliance with the statute, but not in cases of special statutory jurisdiction.

Relators cite cases in the course of argument, three of which will serve to illustrate the application of the above principle. They are *People v. Brewer*, 328 Ill. 472; *Hook v. Wright*, 329 Ill. 299; and *Ashlock v. Ashlock*, 360 Ill. 115.

The first of these cases involved a special assessment proceeding under a law which required the filing of a certificate of approval of the work by the Board of Local Improvements. The record before the court contained a certificate by the city council, but none by the board. No presumption was indulged that a proper certificate had been filed, and it was held a defect such as would permit collateral attack. (Three justices dissented.) The other cases above were adoption proceedings. In one, the record contained an affidavit that a parent resided in Michigan, but which did not give his address nor state that it was unknown, as required by law. In the other, the record contained a petition for adoption by a married person whose spouse did not join, as the law required. The adoption decrees were held void because of these defects in procedure.

██ ██ With respect to the contents of orders and judgments entered in special statutory proceedings, these cases (and many others) hold that jurisdictional findings in such orders are wholly ineffective to overcome defects apparent on the face of the record. None of the cases supports the proposition that the orders are void for failure to include findings which the statute does not require.

The relators make one attack on the proceedings for matters appearing on the face of the record. The petitions in the county court gave the legal description of the territory to be detached, but gave the name of the district as "Macedonia Community Consolidated School District No. 101, Franklin County, Illinois." Relators

allege that the correct corporate name is "Community Consolidated District No. 101 of the Counties of Franklin and Hamilton, Illinois." There is no statement of facts indicating that there was any confusion, or cause for confusion, resulting from the nomenclature. For ought that appears, the name used may have been the one by which the district was commonly known.

■ ■ In these proceedings the action of the county court is legislative rather than judicial in character. *People ex rel. Dolan v. Dusher,* 411 Ill. 535, 540. The proceeding is begun by petition of citizens in the area affected, and there are no "defendants." It is not clear from the argument just why the point raised should be a jurisdictional defect. Certainly, it is clear that rules pertaining to misnomer of corporate *defendants* in civil cases have no application. There is no question that the court acted on the right districts, which were those the citizens and the court intended to affect. In the absence of any showing of a misleading or confusing effect, the slight variation in name is harmless.

The relators also allege in general terms that there was a defect in the proceedings not apparent upon the face of the record, namely, it is stated that the newspaper notice was published in a paper that did not have general circulation in the area as required by law. No facts are stated in support of this conclusion.

The petitions filed in the county court were signed by 16 citizens of Hamilton county (names not abstracted) and 6 citizens of Franklin county. Similarity of names of these six, indicates three families are involved. These persons, or families, constitute two-thirds of the citizens in the whole area of 670 acres. It is evident that no newspaper can have a very large circulation therein. It is not claimed that the paper

328

had no circulation in the area, but merely that its circulation was not general.

There may be some difference of opinion as to what constitutes "general circulation." The county court specifically found that the paper had a general circulation in the area. Since the relators have furnished no information, nor any basis in fact or law for their opinion, the mere statement of their conclusion is not sufficient for the purposes of a petition for mandamus.

The relators are correct in their contention that, under the present law of Illinois, mandamus is a proper remedy to expunge void orders of an inferior court, and that its use is not precluded by the availability of some other legal remedy. Ill. Rev. Stats., ch. 87, § 9 [Jones Ill. Stats. Ann. 109.433]. However, it is still an extraordinary remedy, and one seeking the writ must show a clear right to it. *Wilson v. Board of Education School Dist. 126,* 394 Ill. 197, 201; *Friedman v. City of Chicago,* 374 Ill. 545; *People v. Lyons,* 374 Ill. 545; *People v. Board of Review of Cook County,* 351 Ill. 301.

It is also apparent that, while mandamus is an action at law, the courts regularly apply equitable principles in deciding whether relators have shown a clear right to such an extraordinary remedy. Thus, it is not awarded where the result will cause undue confusion or hardship. *People v. Dunne,* 258 Ill. 441; *State Life Ins. Co. v. Board of Education of Chicago,* 394 Ill. 301.

Having in mind our holding that the county court had jurisdiction in fact, because District No. 115 lies almost entirely in Franklin county, the other contentions of relators have been considered in the light of the requirements of a mandamus action. It is apparent

in this proceeding that at least two-thirds of the citizens in the area affected desired the change. The court acted accordingly, and the orders are being followed, otherwise these proceedings would not be in court. If the required number of persons in the district are dissatisfied, they can proceed under a simple and expeditious method of procedure now prescribed by law. If they are still of the same mind, no order in this proceeding would prevent them from securing the same result they now have. But the award of a writ of mandamus in the school year could easily cause confusion, in that one district is providing facilities for the pupils and the other would have to alter its arrangements. Tax levies would be affected. And these difficulties would be the result of the will of a minority, and of the members of the board in District No. 101, who have no legal right under the statute to thwart the will of two-thirds of the citizens in the area affected.

The respondents have presented other points in defense of the judgment which have been considered, but are not here discussed since the foregoing is sufficient to dispose of the case.

The circumstances in this case positively indicate that the relators do not have a clear right to the writ of mandamus, and the order of the circuit court sustaining the respondents' motion and dismissing the petition was correct and it is affirmed.

*Judgment affirmed.*

BARDENS and CULBERTSON, JJ., concur.