**Frieda Houswerth, Harriet Sikorowski and Raymond Wey, Petitioners-Appellants, v. Judge Charles G. Seidel, Respondent-Appellee.**

Gen. No. 49,105.

First District, Third Division.
March 12, 1964.
Rehearing denied April 2, 1964.

Eisenberg and Baikoff, of Chicago, for appellants.

Seidner and Seidner, of Chicago, for appellee.

MR. JUSTICE DEMPSEY delivered the opinion of the court.

This is an action in mandamus brought by the three petitioners-appellants to compel the respondent, Judge Charles G. Seidel, to approve an appeal bond from the Probate Court of Cook County to the Circuit Court. The Circuit Court dismissed the petition for the writ of mandamus. The petitioners moved to vacate the order, the court denied the motion and the petitioners have appealed.

The history of this case began with the death of Julia Oppenheim on June 25, 1960. Her will, dated April 3, 1959, named Joseph Perrye as executor. The will was filed in the Probate Court of Cook County June 30, 1960, but no immediate action was taken in reference to it. A second will, dated June 20, 1960,

was filed subsequently in the same court and Irving Eisenberg, one of the two attorneys for the petitioners (who are nonresidents of Illinois), was appointed administrator with the will annexed. A month later Perrye petitioned for Eisenberg's removal as administrator, for the admission of the 1959 will to probate and for letters testamentary.

After several hearings were held, attorney Eisenberg was removed as administrator, the orders pertaining to the will of 1960 were vacated, the 1959 will was admitted to probate and Perrye was confirmed as executor. The petitioners moved to vacate the order appointing Perrye. On April 28, 1961, the motion to vacate the appointment was denied.

On May 23, 1961, an appeal bond to the Circuit Court was presented to the respondent, Judge Charles G. Seidel, a judge of the Circuit Court of Illinois, who was the acting judge of the Probate Court of Cook County. Judge Seidel wrote on the bond: "This Bond Proferred this day and disapproved."

A petition for a writ of mandamus was then filed in the Circuit Court to compel the respondent to approve the bond. An injunction was also prayed for in the same petition to restrain the Probate Court from further proceedings in the case and to enjoin further action on an order previously entered by that court which directed Eisenberg to turn over to Perrye estate funds in his possession. The motion for the restraining order was denied.

The original petition in mandamus was followed by amended petitions, motions to dismiss, motions to strike, answers, replies and affidavits in support of the various motions, answers and replies. Finally, the case became at issue and was tried on September 10, 1962. The issues joined in the pleadings were these:

(1) whether the petitioners had presented their bond for approval or had attempted to file it on other dates which were within the 20-day limitation;

(2) whether, within the 20-day period, the petitioners had sought or had been allowed extensions of time in which to file the bond;

(3) whether the respondent willfully refused to perform a ministerial act or whether his disapproval of the bond was an exercise of his judicial discretion;

(4) whether the respondent was justified in not approving the bond because:

> (a) he had no jurisdiction to approve the bond under section 330 of the Probate Act (ch 3, Ill Rev Stat, 1959), since it was presented to him on May 23, 1961, more than 20 days after April 28, 1961, when the orders were entered from which the appeal was taken;

> (b) no appeal had been taken from the orders admitting the 1959 will to probate and appointing Perrye as executor of that will;

> (c) the orders sought to be appealed were neither final nor appealable;

> (d) the appeal was being taken to the Circuit Court but, if the orders were appealable at all, the appeal should have been directed to the Appellate Court of Illinois, and

> (e) to approve the bond would have been a useless act because the appeal would necessarily have to be dismissed when it reached the Circuit Court.

The trial court found for the respondent and entered the following judgment order:

> "This cause coming on to be heard upon the trial of the above entitled cause upon the 2nd Amended Petition of Petitioners praying for a Writ of Mandamus, the Answer of Respondent and the Reply of the Petitioners to said Answer, all upon

due notice to all parties, and the Court having heard the evidence upon the issues and the arguments of counsel and being further fully advised in the premises;

"It is Ordered and Adjudged that the 2nd Amended Petition for a Writ of Mandamus be and the same hereby is dismissed. That the Petitioners, Frieda Houswerth, Harriet Sikorowski and Raymond Wey take nothing by their action and that the Respondent go hence without day and that the Respondent have and recover judgment for costs against the Petitioners, Frieda Houswerth, Harriet Sikorowski and Raymond Wey, and in favor of Respondent and that execution issue therefor."

On September 20, 1962, the petitioners asked leave to file and make part of the record certain documents of the Probate Court which had been part of the proceedings out of which the request for mandamus arose. The reason given therefor was that these documents had been examined by the court at the trial on September 10th. The petitioners also attempted to file an affidavit of attorney Eisenberg and his partner attorney Paul I. Baikoff. The court permitted the exhibits to be filed but rejected the affidavit.

On October 3rd, the petitioners moved to vacate the judgment order of September 10th or, in the alternative, for a new trial. The motion was based, principally, upon the exhibits and upon the court's rejection of the affidavit. It was contended that the exhibits of themselves established the right to a writ of mandamus and that the refusal to admit the affidavit into evidence was error. The court denied the motion. The same contentions are made in this appeal.

The exhibits do not disclose that any extension of time was granted the petitioners within 20 days of April 28, 1961, in which to perfect their appeal. The

115

exhibits do disclose that on April 28, 1961, the petitioners paid the Clerk of the Probate Court the initial costs of an appeal. They further show that thereafter the petitioners served notice and a petition on Perrye's attorneys that they would appear in court on May 17, 1961, to have approved an appeal bond (which was said to be attached thereto) and to have the time extended, "should it be necessary," within which to file the appeal. The petition prayed, "That the appeal bond herewith presented be approved and ordered filed herein. . ." and "That, if necessary, extension of time be granted appellants in which to file and perfect such appeal proceedings, reasonably." However, the court did not act on the motion. The order of May 17th, signed by Robert J. Dunne, Judge of the Probate Court, continued the motion until the next day. On May 18th the motion was not heard but was continued by order of court until May 19th. On May 19th, on order of the court, the motion was continued until May 23rd.

Accentuated in the petitioners' brief and in the motion to vacate the trial court's order is the date of May 17, 1961. The motion to vacate stated "That, on proper motion, they [the petitioners] did present and show the involved appeal bond, completely and properly executed . . . for approval to Judge Robert Jerome Dunne on May 17th, 1961, . . ." It is insisted that the bond was presented for approval to the Judge of the Probate Court on that day, that it was therefore filed within the meaning of the statute and that it was filed in time. It is argued that the respondent's failure to approve the bond on May 23, 1961, on the ground that it had not been filed within the 20-day period, ignored the record of the Probate Court; and that the trial judge was in error in not finding from the exhibits and from the circumstances attending the appearance of the petitioners' attorneys in court on

May 17th, that the bond had been presented for filing and approval on that date.

Why the petitioners' motion was continued from day to day, until the 20-day filing period expired, the record does not reveal; the continuances were on order of the court, but apparently the orders were, in each instance, drafted by counsel for the petitioners. Although the orders do not substantiate the petitioners' contention that the bond was filed on May 17th, we believe that an inference can be drawn from the exhibits that the petitioners' counsel had the bond in court ready for filing and approval and it would not be unreasonable to infer that this was known to the court. However, the latter inference is debatable; it would not justify the issuance of the extraordinary writ of mandamus which must be predicated on the clear right of a petitioner to the relief requested. Furthermore, in the absence of corroborative evidence as to what took place in court on May 17th, it is not sufficient to overcome the presumption arising from the trial court's order of September 10, 1962.

The order states that the court heard the evidence upon the issues and was fully advised in the premises. The record before us does not include a report of the proceedings, or an agreed statement of facts, or any certification of what evidence was heard at the trial. We know some of the evidence, but we do not know the entire evidence heard by the court. We do know what is contained in the exhibits, but we cannot assume that this was the whole evidence and we cannot give weight to the unsupported assertion of counsel, dehors the record, that this was the whole evidence. Under these circumstances and in view of the court's order, we must assume that the evidence supported the judgment of the court. Smith v. Smith, 36 Ill App2d 55, 183 NE2d 559; Miller v. Standard State Bank, 31 Ill App2d 189, 176 NE2d 639; City of Chicago v. Franks, 22 Ill App2d 536, 161 NE2d 354.

The affidavit which the attorneys attempted to file on September 20, 1962, is not in the record and no offer of proof concerning it was made, or if made, was not preserved. We do not know exactly what it contained. We glean from the motion to vacate, the answer to that motion, the reply to the answer and from the briefs, that it gave the attorneys' version of what took place in the Probate Court during the period between April 28 and May 23, 1961, particularly on May 17th. It is not claimed that there was some reason why this testimony could not have been presented at the trial or that it had been offered and not admitted, or that the evidence in the affidavit was newly discovered. If the attorneys who subscribed to the affidavit thought that their testimony was important they, or one of them, should have testified at the trial; if the testimony was not admitted, an offer of proof should have been made. It was not an abuse of the court's discretion to refuse to reopen the case because the attorneys were displeased with the result of the trial and wished to try the case over in a different way.

The judgment of the Circuit Court is affirmed.

Affirmed.

SCHWARTZ, P. J. and SULLIVAN, J., concur.