Harold Vogelsang, Plaintiff-Appellant, v. Credit Life Insurance Company, a Foreign Corporation, Defendant-Appellee.

Gen. No. 69–65.

Third District.

January 16, 1970.

Moehle, Moehle, Reardon & Sincock, of East Peoria, for appellant.

Kavanaugh, Scully, Sudow, White & Frederick, of Peoria, for appellee.

STOUDER, J.

Plaintiff-Appellant, Harold Vogelsang, commenced this action in the Circuit Court of Tazewell County seeking to recover on an insurance policy issued by Defendant-Appellee, Credit Life Insurance Company. The court

granted defendant's motion for judgment on the pleadings from which judgment plaintiff has appealed.

Since judgment was entered on the pleadings, the underlying facts as stated therein are undisputed. According to the complaint, defendant insurer did on August 31, 1966, execute and deliver a certificate of insurance commonly known as credit life insurance, in favor of plaintiff as insured. The insurance was for a period of twenty-four months and was issued at the time plaintiff secured a loan from a Peoria bank for a similar period of time. In general, the certificate provided for the payment of benefits upon the death or disability of the insured based on the amount due on the underlying loan at the time of the occurrence of the event insured against. As stated in the complaint, plaintiff became disabled on December 2, 1966, formal notice of such disability being given to the defendant on April 1, 1968. The complaint which commenced this action was filed October 18, 1968, and included as an attached exhibit the insurance certificate. Defendant filed an answer which included three affirmative defenses. The first alleged the disability, if any, was the result of a prior or preexisting condition. The second alleged that the underlying obligation was paid before claim was made and the third alleged that notice of claim not having been made until seventeen months from date of loss, such notice was not in accordance with the terms of the certificate which required that "written notice of claim must be given to the company within 30 days after the occurrence or commencement of any loss covered by this certificate, or as soon thereafter as is reasonably possible." Plaintiff answered such affirmative defenses by denying the facts stated in the first affirmative defense. With respect to the second affirmative defense, plaintiff stated that the debt had been paid before claim made but that this did not preclude defendant's liability. (Plaintiff later argues that the admission meant only that the debt had been paid

before legal action had been instituted.) In responding to the third affirmative defense, plaintiff denied that he had failed to give notice of claim within a reasonable time.

On January 20, 1969, defendant by written motion, moved for judgment on the pleadings, alleging that since plaintiff admitted that no claim was made on the certificate until after the underlying debt was paid, the defendant was not liable under the certificate as a matter of law. Pursuant to proper notice, hearing on said motion was had on February 7, 1969. Defendant's motion was granted by default and the complaint was dismissed, no one appearing for plaintiff. On February 17, 1969, plaintiff filed his motion requesting that the complaint be reinstated and that defendant's motion for judgment on the pleadings be reconsidered. The motion was supported by affidavit setting forth facts excusing plaintiff's failure to appear on the February 7 hearing date, which facts are not material to this appeal. Pursuant to notice, plaintiff's motion was heard on February 26, 1969. The court took the motion under advisement and thereafter on March 3, 1969, reinstated the complaint but on March 6, 1969, the court again granted defendant's motion for judgment on the pleadings and dismissed the complaint. Both written orders of March 3 and March 6, 1969, relate to the hearing held on February 26, 1969, and in neither of said orders is any reason indicated for the court's action.

By amendment dated February 21, 1969, defendant attempted to amend its motion for judgment on the pleading by adding an additional paragraph in which it alleged that it was also entitled to judgment on the pleadings as set forth in its third affirmative defense, it being undisputed that notice of claim was not given until April 1, 1968. Although the amendment is dated February 21, 1969, and recites that notice thereof was given

to plaintiff on that date, the motion was not filed until March 3, 1969.

Within thirty days after the order dismissing the complaint was entered plaintiff filed his motion to vacate such order requesting leave to file an amended complaint, the principal amendment being an allegation that at the time notice was given to defendant on April 1, 1968, the underlying obligation had not been paid. After notice and hearing, the court declined to vacate its previous order or to grant leave to file an amended complaint.

■ ■ Plaintiff has devoted a substantial portion of his brief to the argument that the trial court erred in holding that the payment of the underlying debt barred plaintiff's cause of action. In this court defendant does not oppose plaintiff's argument in this respect and concedes that the trial court's action cannot be supported by the reasons set forth in defendant's original motion for judgment on the pleadings in view of plaintiff's proposed amendment. It does not appear either from the record or from defendant's brief that it made any such concession in the trial court. However, in view of Mosby v. Mutual Life Ins. Co. of New York, 405 Ill 599, 92 NE2d 102, and Patterson v. John Hancock Mut. Life Ins. Co., 27 Ill App2d 135, 169 NE2d 183, it is the onset or commencement of the disability during the period that the policy is in effect which is the condition precedent upon which liability of the company depends. Further as set forth in Mosby, supra, the filing of notice of claim is only a condition precedent to the enforcement of the insurer's liability and the liability of the insurer is merely postponed until such notice of claim is made. If this were the only issue in this case, summary reversal would be in order.

Defendant insists that the action of the trial court is warranted because plaintiff admittedly did not give no-

tice of claim to defendant until seventeen months after commencement of the disability and thereby failed as a matter of law to give notice within a reasonable time as required by the insurance certificate. Plaintiff argues the trial court's action cannot be justified for such reason because, first, the timeliness of the notice of claim was not an issue nor ever presented to the trial court and, second, the allegations of the complaint are sufficient to require that such issue be determined as a question of fact and not as a question of law.

As noted above, the record fails to reveal that the trial court ever considered defendant's amendment to its motion for judgment on the pleadings. It was this amendment which attempted to raise the lack of diligence of plaintiff in giving notice of claim.

■ Defendant, in apparent recognition that its argument is not supported by the record, has filed a motion in this court for leave to supplement the record by including an affidavit of its attorney. The substance of the affidavit is that the trial court pursuant to the argument of attorney for defendant, declined to vacate the order dismissing the complaint and granting leave to file an amended complaint on account of plaintiff's failure to give prompt notice of claim. We are unaware of any authority for including such an affidavit as a part of the record and defendant has called none to our attention. Accordingly, the motion to include such affidavit in the record, which motion was taken with the case, is denied.

■ We observe from the record that leave was never sought by nor granted to defendant to file the amendment to its motion for judgment on the pleadings. Neither does the record indicate the amended motion was ever set for hearing or, in fact, heard by the trial court. Such formal procedures may be waived and ordinarily

will be deemed to have been waived if it appears that the court has considered the merits of the motion. The record in this respect is ambiguous and for that reason we believe that consideration of the issue on its merits is warranted.

Was the trial court's action in granting the motion for judgment on the pleadings justified because the timeliness of the notice of claim could and should have been determined as a matter of law?

 Initially some observations are required concerning the procedure involved. Judgment on the pleadings is properly granted where the pleadings reveal there is no genuine factual dispute or issue and hence only questions of law are raised by the pleadings. Arlington Heights Nat. Bank v. Village of Arlington Heights, 33 Ill2d 557, 213 NE2d 264 and Tompkins v. Franz, 21 Ill App2d 227, 157 NE2d 799. Allegations in a pleading need only state ultimate facts and it therefore follows that whether or not the pleader can prove such allegations by competent evidence is not an issue. In this respect a judgment on the pleadings differs from the summary judgment procedure. Judgment on the pleadings is based principally on the admissions or omissions in the pleadings.

 As heretofore stated, the requirement of proof of loss in an insurance policy is a condition precedent to the enforcement of liability under such policy. See Mosby v. Mutual Life Ins. Co., supra. It is the duty of the insured to allege and prove the performance of all conditions precedent.

Defendant called to our attention a number of cases announcing and illustrating the rule that the reasonableness or promptness in giving notice of claim is appropriately decided as a question of law. See Knickerbocker Ins. Co. v. Gould, 80 Ill 388, Depot Cafe, Inc. v. Century

Indemnity Co., 321 Mass 220, 72 NE2d 533, and International Harvester Co. v. Continental Cas. Co., 33 Ill App2d 467, 179 NE2d 833. Such cases do indeed hold that where the facts or inferences which may be drawn therefrom are not in dispute, the issue is one of law. Without discussing such cases in detail it is sufficient to say that none of these cases was decided on motions for judgment on the pleadings and none of the cases involved disability insurance.

 In the instant case defendant contends that the pleadings show without contradiction that plaintiff did not give notice of claim to defendant until April 1, 1968, or nearly seventeen months after commencement of his disability. Because on April 1, 1968, plaintiff claimed his disability commenced on December 2, 1966, defendant assumes that at any time after December 2, 1966, plaintiff could and should have been expected to give notice of claim. This argument ignores two salient facts as set forth in the complaint. First, the hazard insured against provided for payment if "continuously and totally disabled," and second, according to the complaint, the plaintiff sustained a heart attack on December 2, 1966. From such facts it may be concluded that plaintiff, even though sustaining a heart attack on December 2, 1966, did not know that he would thereafter be disabled within the meaning of the policy. In this respect a disability hazard differs from the usual casualty insurance. Whether an occurrence will result in a disability, let alone a total permanent and continuous disability, depends not upon what happens on a particular date but rather upon the nature and extent of any condition of ill health which may develop over a course of time. Under such circumstances the determination of whether an insured has exercised due diligence in notifying the insurer depends upon factors other than the mere lapse of time.

We hold that the lapse of time in and of itself did not constitute a sufficient basis for determining plaintiff's diligence or lack thereof as a matter of law.

For the foregoing reasons the judgment of the Circuit Court of Tazewell County is reversed and remanded with directions that the complaint be reinstated.

Reversed and remanded with directions.

RYAN, P. J. and ALLOY, J., concur.