TRANSPORT INSURANCE COMPANY, Plaintiff-Appellee, *v.* OLD REPUBLIC INSURANCE COMPANY, Defendant-Appellant.

(No. 54575;

First District—July 20, 1972.

Kenneth J. Brundage and Sidney Z. Karasik, both of Chicago, for appellant.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago, (John L. Kirkland and D. Kendall Griffith, of counsel,) for appellee.

Mr. JUSTICE DEMPSEY delivered the opinion of the court:

In 1964 the plaintiff, Transport Insurance Company, executed a re-insurance agreement with the defendant, Old Republic Insurance Company. According to its terms Transport as re-insurer agreed to reimburse the insurer, Old Republic, for all losses incurred by the insurer in excess of $15,000 per claim on an accident liability policy, with the re-insurer subject to a maximum liability of $485,000 respecting each accident or occurrence. The $15,000 of liability retained by the insurer was termed the retention.

Subsequently an action was brought in Florida against an insured of Old Republic for personal injuries incurred by a minor. Damages of $450,000 were sought. Shortly before the conclusion of the jury trial, the case was settled with the injured plaintiff receiving $75,000. The negotiations for the settlement were conducted by Transport Insurance. When Old Republic learned that an agreement had been reached and that the case had not gone to the jury, it refused to be liable for its retention of $15,000 since it had not been informed of the last-minute settlement negotiations. Further correspondence between Transport and Old Republic did not resolve the issue of the insurer's liability, and Transport brought this action for a declaratory judgment. It requested the court to find that no dispute existed between the parties so as to bring into effect the arbitration clause of their contract, and asked the court to hold that Old Republic had surrendered its retention.

Old Republic filed an answer which denied that it had made an irrevocable surrender of its retention. Transport moved for judgment on the pleadings. Following oral arguments the court granted the motion. It found that old Republic had surrendered its retention without condition or restriction, that there was no dispute between the parties necessitating arbitration and that Transport was entitled to the damages it requested.

■■ Old Republic contends that the pleadings and exhibits disclose a material, genuine issue of fact, and that the court erred in granting Transport's motion. The right to judgment on the pleadings is established by statute. (Ill. Rev. Stat. 1969, ch. 110, par. 45(5).) As is the case with

a motion for summary judgment, a motion for judgment on the pleadings presents the court with a question of law as to whether there is an issue of fact to be tried. *American National Bank & Trust Co. v. Lembesis* (1969), 116 Ill.App.2d 5, 253 N.E.2d 126; *Bleck v. Cosgrove* (1961), 32 Ill.App.2d 267, 177 N.E.2d 647.

The personal injury trial took place between October 29 and November 1, 1968. According to Old Republic's answer in the present action, on October 30th a representative of Transport contacted LeRoy Garr, Old Republic's claims manager, and Garr agreed to contribute the entire retention of $15,000 so that a specific offer of $75,000 might be made by the representatives of Transport to settle the personal injury litigation. In the defendant's answer to plaintiff's motion for judgment on the pleadings, the term "one-shot" was used to describe the offer apparently to indicate that it was to be made only once. The offer of settlement was not accepted on October 30th.

■■ However, conversations between Transport and Old Republic regarding the retention did not end as of that date. Attached to Transport's complaint was a letter from its claims manager, Frank McBride, to LeRoy Garr, which recounted a discussion between the two early on the morning of November 1st. McBride asked Garr for Old Republic's retention, and Garr said that Transport already had it. McBride stated that Garr set no condition upon the surrender of the retention. This conversation was neither denied by Garr in his reply to McBride's letter, nor by Old Republic in its pleadings. Garr merely acknowledged McBride's letter and suggested that McBride had forgotten their conversation on the afternoon of November 1st, when McBride told him that the case was to go to the jury; he asserted that it was Transport's duty to inform him of renewed settlement negotiations. The denial in the defendant's answer that the correspondence between the parties concedes the surrender of the retention, simply amounts to a conclusion it draws from its own reading of the letters; it fails to point out where the correspondence contains factual errors. From its silence regarding the conversation on the morning of November 1st, we may presume that the conversation took place. (*Minor v. Universal C.I.T. Credit Corp.* (1960), 27 Ill.App.2d 330, 170 N.E.2d 5.) The conversation shows that Old Republic unequivocally surrendered its retention to Transport as of that date, making it unnecessary for Transport to inform it of the renewed settlement negotiations.

■■ Old Republic charges that during the trial representatives of Transport misrepresented the opinion of local counsel regarding the ultimate success of the litigation, and that it was not informed of favorable developments at the trial. It does not allege that Transport was guilty of

fraud in inducing it to surrender its retention, and it admits that it had an attorney representing it at the trial. Therefore, its allegations as to Transport's lack of full disclosure are immaterial when considering the nature of the surrender of its retention.

● 4 The pleadings and exhibits do not disclose a genuine factual issue concerning the surrender of the retention. In a case such as this where only questions of law exist, judgment on the pleadings is appropriate, and the trial court did not err in granting Transport's motion. *Vogelsang v. Credit Life Insurance Co.* (1970), 119 Ill.App.2d 67, 255 N.E.2d 479.

■■ As the final ground for reversal, Old Republic argues that the complaint for declaratory judgment was not a proper form of action to recover money damages. Since this argument was not presented in the trial court, it cannot be considered on appeal. *In re Application of County Collector* (1970), 131 Ill.App.2d 509, 266 N.E.2d 383.

The judgment is affirmed.

Judgment affirmed.

McGLOON, P. J., and McNAMARA, J., concur.