THE PEOPLE *ex rel.* SHELL OIL COMPANY, Petitioner-Appellee, *v.* THE CITY OF CHICAGO *et al.,* Respondents-Appellants.

(No. 55849;

First District—December 7, 1972.

Richard L. Curry, Corporation Counsel, of Chicago, (William R. Quinlan and Marsile J. Hughes, Assistant Corporation Counsel, of counsel,) for appellants.

Andrew M. Raucci, of Chicago, for appellee.

Mr. JUSTICE DEMPSEY delivered the opinion of the court:

The Circuit Court granted a writ of *mandamus* to the petitioner, Shell Oil Company, which ordered the City of Chicago and the other respondents to issue driveway permits to Shell for the southeast corner of Ashland Avenue and Howard Street, Chicago.

The petitioner is the lessee of the real estate at this location and desires to construct an automobile service station there which is a permitted use under the zoning ordinance of the City of Chicago. To that end it filed an application for driveway permits in April 1967 and later submitted applications for the permits requisite to the erection of the service station; it also forwarded all essential plans, letters from contractors and fees. The application for the driveway permits was not approved and on August 22, 1969, Shell wrote the engineer in charge of driveway permits of the Department of Streets and Sanitation of the City of Chicago and demanded that the permits be issued. On September 7th Shell was advised by letter from the Commissioner of Streets and Sanitation that because of "strenuous aldermanic objection to the issuance of these permits," action upon the application was being withheld. No reason for the alderman's objection was given, but the letter

stated that the alderman had advised the commissioner that if the permits were issued he would introduce an ordinance "to repeal the issuance."

Thereafter, on November 21, 1969, Shell brought this *mandamus* action praying for a writ commanding the respondents to issue the permits and directing the alderman not to interfere. The respondents moved to strike the petition on the ground that the petitioner had not exhausted its administrative remedies before bringing the *mandamus* action. The court denied the motion and the respondents answered the petition. Following a trial the court found in favor of the petitioner and ordered the writ to issue, from which the respondents appeal.

The respondents first contend that the petition should have been stricken and the case dismissed because the petitioner did not exhaust its administrative remedies and was therefore not entitled to *mandamus*. According to section 33—17 of the Municipal Code of the City of Chicago, "If the commissioner of streets and sanitation shall refuse to grant a driveway permit, the applicant may appeal to the mayor. Such appeal shall be made within twenty days after the commissioner of streets and sanitation sends written notice of such refusal to the applicant." In *Cleveland v. City of Chicago* (1958), 19 Ill.App.2d 413, 152 N.E.2d 491, cited by the respondents during oral argument, the petitioner sought a writ of *mandamus* to compel the issuance of driveway permits which the City had denied. The City's answer raised the issue whether the petitioner was entitled to *mandamus* since he admittedly had not appealed the denial of his application to the mayor in accordance with section 33—17 of the municipal code. The trial court granted the writ but this court reversed, holding that the petitioner was required to allege and prove the exhaustion of available administrative remedies as a condition precedent to judicial relief.

The decision in *Cleveland* is not controlling. The words in section 33—17 pertinent to the question before us are "refused" and "refusal." In *Cleveland* the Commissioner of Streets and Sanitation refused to issue driveway permits to the petitioner; in the present case the commissioner did not act on Shell's application. A written refusal by the commissioner is required before an applicant can appeal to the mayor. The commissioner's letter to Shell merely stated that the department was "withholding any action" on Shell's application. If an appeal to the mayor were attempted under section 33—17, it could well have been denied because the commissioner had not refused to issue the permits.

■■ The existence of a legal remedy other than *mandamus* does not necessarily mean that *mandamus* will not lie. (Ill. Rev. Stat. 1969, ch. 87, para. 9; *People ex rel. Woll v. Graber* (1946), 394 Ill. 362, 68 N.E.2d 750;

*People ex rel. Swanson v. Sullivan* (1930), 339 Ill. 146, 171 N.E. 122.) Nor does section 33—17 necessarily preclude a *mandamus* action. That section merely states that an applicant who is denied a permit may appeal to the mayor. The use of the word "may" does not dictate that such an appeal is indispensable to obtaining relief as might have been the case if the ordinance had adopted the provisions of the Administrative Review Act governing appeals from administrative decisions. (*Cf.* Ill. Rev. Stat., 1969, ch. 110, para. 265; *People ex rel. Ryan v. Civil Service Com.* (1969), 117 Ill.App.2d 50, 253 N.E.2d 913.) The petition for *mandamus* was based upon the defendants' inordinate delay in acting upon the plaintiff's application, which complied with the requirements of the City's ordinances and the department's regulations. Such conduct on the part of the defendants justified the trial court's decision denying the motion to strike and affording the petitioner a hearing.

The respondents next urge that the petitioner is not entitled to *mandamus* since it neither alleged nor proved that it filed the bond required by section 33—17 of the municipal code as an essential condition for the issuance of driveway permits. This issue was not brought to the attention of the trial court and it will not be considered on appeal. *Transport Insurance Co. v. Old Republic Insurance Co.*, 6 Ill.App.3d 844, 286 N.E.2d 755.

■■ The respondents also assert that *mandamus* will not lie to compel them to exercise their discretion in determining whether the permits should issue. The extraordinary writ of *mandamus* must be predicated on the clear right of the petitioner to the relief requested. (*People ex rel. Gustafson v. Calumet City* (1968), 101 Ill.App.2d 8, 241 N.E.2d 512; *Houswerth v. Seidel* (1964), 47 Ill.App.2d 112, 197 N.E.2d 271.) This may be ascertained through the application of equitable principles. *People ex rel. Harty v. Gully* (1954), 2 Ill.App.2d 321, 119 N.E.2d 540.

■■ *Mandamus* is the appropriate remedy when the plaintiff alleges that the refusal of a license was not authorized by the applicable ordinance. (*Koziol v. Village of Rosemont* (1961), 32 Ill.App.2d 320, 177 N.E.2d 867.) The reason given by the respondents for withholding action on the permits, a "strenous aldermanic objection," had no basis in the ordinance, and no facts were set forth either in their correspondence or their answer to the petition indicating a violation of or non-compliance with the requirements of the ordinance. At the trial the official in charge of permits stated that the sole reason for not issuing them was the objection of the alderman. Although the alderman was a respondent in the action, he did not appear to testify as to the reasons for his objection. *Mandamus* will lie to prevent a discretionary power from being exercised with manifest injustice. (*People ex rel. Collins v. Young* (1967), 83 Ill.

App.2d 312, 227 N.E.2d 524.) The evidence established that the respondents arbitrarily abused their discretion in failing to issue the permits.

■■ Nearly ten months after the petition for *mandamus* was filed and approximately one week before the trial, the respondents made a survey to determine whether a traffic problem might arise from the construction of the proposed driveways. At the trial testimony was given and a report was introduced to the effect that the location of at least one driveway could prove a potential hazard to children crossing the street. The respondents claim that this evidence justified their action of failing to issue the permits. The petitioner properly objected to the testimony and the report, and although the trial court received them it apparently accorded them little weight. Such a defense by the respondents came too late. If it was their intention to contend that the driveways constituted a hazard to pedestrians, they should have stated this in their answer. Where, as here, a clear right to *mandamus* was alleged, the answer must state positive and definite facts as a defense and not mere conclusions; the facts constituting an affirmative defense must be plainly set forth. (*People ex rel. Mercantile National Bank v. City of Chicago* (1941), 377 Ill. 573, 37 N.E.2d 151.) Also, the rights of the parties are determined according to the facts and circumstances existing at the time the action was begun. (*People ex rel. Mid-Continent Petroleum Corp. v. City of Savanna* (1955), 6 Ill.App.2d 411, 127 N.E.2d 676.) There is no evidence in the record showing that at the time this action was commenced or at the time the application was filed the permits were withheld for any reason other than the unspecified aldermanic objection.

The trial court did not err in granting the writ and the judgment will be affirmed.

Affirmed.

McGLOON, P. J., and McNAMARA, J., concur.