Floyida Stewart, as Administratrix and as Personal Representative of the Estate of Earl Stewart, Deceased, Plaintiff-Appellee, v. Max E. Beegun and Alice Beegun, Defendants-Appellants, and Morris Rozen and Wolin-Levin, Inc., Defendants.

Gen. No. 52,841.

First District, Second Division.

June 2, 1970.

Jerome H. Torshen, of Chicago, for appellants.

Joseph R. Curcio and Samuel V. Bossov, of Chicago (Sidney Z. Karasik, of counsel), for appellee.

MR. JUSTICE BURKE delivered the opinion of the court.

This is an appeal from an order denying a petition filed by Max E. Beegun and Alice Beegun pursuant to section 72 of the Civil Practice Act. The petition sought to vacate a judgment entered against the Beeguns and Morris Rozen, in a wrongful death action brought by

plaintiff as administratrix of the estate of her deceased son, Earl Stewart. That judgment was affirmed by this court upon a direct appeal. (See 126 Ill App2d 120, 261 NE2d 191.)

The petition alleges in substance that the Beeguns, on or about January 7, 1954, became the beneficial owners of the seller's interest in a contract for the sale of a parcel of real estate, title to which was held under a land trust. The property is improved with a six-story, 67-unit apartment building and was situated on the south side of Chicago. The Beeguns allege in their petition that their interest in the premises was purely as security for the payments provided for in the contract of sale, and that at no time had they entered into the actual possession or control of the property.

The petition further alleges that the purchaser's interest in the contract of sale was assigned to Morris Rozen on or about April 16, 1961, who then entered into immediate and complete control, possession and management of the premises. It is alleged that Rozen was acting in such capacity, through his duly authorized agents, on the day of October 30, 1963, when plaintiff's deceased, a tenant in the building, was fatally injured in the passenger elevator serving the building.

The petition alleges that plaintiff filed her complaint on December 18, 1963, naming only the trustee under the land trust as defendant in the action, that the trustee notified the Beeguns of the pending action and requested the name of the insurance carrier holding coverage on the premises, and that the Beeguns thereupon notified the trustee that the "proper party" to notify of the action was Morris Rozen, the contract purchaser. A copy of the notice was sent to Rozen's attorneys.

An amended complaint was filed naming the Beeguns as defendants. The Beeguns forwarded a notice thereof to the insurance carrier, and sent the complaint and

131

summons to Rozen. In May 1964 an appearance and an answer were filed on behalf of the Beeguns by counsel retained by the insurance carrier. The Beeguns allege in their petition that they were not supplied with a copy of that answer, nor did they have knowledge of the contents thereof.

In September 1964, Max Beegun was notified of and appeared for a deposition taken by plaintiff's attorney. It is alleged in the petition that at that time he advised his counsel that the Beeguns were simply the contract sellers of the property, that they had neither possession nor control of the premises at the time of the mishap, and that the owner of the purchaser's interest in the contract was Morris Rozen.

Shortly thereafter a second amended complaint was filed alleging the Beeguns to be the owners of the property. An answer was filed, denying their ownership of the property and affirmatively alleging that they were the beneficiaries under a land trust. The Beeguns allege in their petition that they were not consulted with regard to the answer filed to the second amended complaint and that they had no knowledge of the contents thereof until after the entry of the judgment against them.

The Beeguns further allege in their petition that together with their answers to plaintiff's interrogatories received by their counsel and forwarded to them, they requested their counsel to send them copies of all pleadings and other matters filed in the case. They allege that this request was not complied with, and further allege that the last communication which they had from their attorney was in February 1965.

The trial of the wrongful death action was had on March 8, 1966. The Beeguns allege in their petition that they never received notice that the matter had been set for trial, and that they did not appear at the trial as a result.

The issues were found by the court sitting without a jury against the Beeguns and Rozen and in favor of the plaintiff, and judgment was entered accordingly. A post-trial motion was filed and denied on April 19, 1966, and the Beeguns allege in their petition that they never received notice thereof. Notice of appeal was filed thereafter, and the Beeguns also allege in their petition that they received no notice of the filing thereof.

The section 72 petition alleges that it was not until July 28, 1967, that the Beeguns first learned of the judgment against them and of the pending appeal. Max Beegun, an attorney at law practicing in the Chicago area, had appeared in court on a matter unrelated to the instant case and spoke to the attorney whose office had been engaged by the insurance carrier to prepare the appeal. It is alleged in the petition that the Beeguns thereupon engaged their own attorneys to fully investigate the matter.

On September 1, 1967, the Beeguns received a notice of motion from counsel retained by the insurance carrier for leave to withdraw as counsel; the motion was allowed. The notice of motion was immediately forwarded to the Beeguns own attorneys. It further appears that the original brief filed in the wrongful death appeal had been filed in June 1967 by counsel retained by the insurance carrier, but that the reply brief filed therein was filed by counsel other than the one originally retained.

On October 9, 1967, the Beeguns received notice that the insurance carrier was no longer in operation, that its functions had been taken over by the State Director of Insurance, and that it was no longer connected with the wrongful death action. They were also notified that the insurance policy issued by the carrier no longer stood as a supersedeas during the pendency of the appeal. The Beeguns then allege in their brief:

"Thereafter, Beeguns, through attorneys retained by them, acted with dispatch and diligence to ascertain the facts hereinabove set forth and the questions of law involved in the personal injury action."

The main thrust of the section 72 petition, and of this appeal, is that, had counsel originally retained by the Beeguns' insurance carrier properly maintained the defense that the Beeguns were owners out of possession and control of the premises, in light of the contract of sale with Rozen, the judgment would not have been entered against them; they further maintain that they acted with dispatch and in a diligent manner in the filing of the section 72 petition after ascertaining the factual situation with regard to the representation of their original counsel. We are of the opinion that under the circumstances the trial court properly denied the petition for relief under section 72 of the Civil Practice Act.

The allegation made, that the counsel originally retained by the insurance carrier was negligent in the investigation and conduct of the wrongful death action in that the proper defense was not advanced, will not be considered here. It is well established that section 72 of the Civil Practice Act does not afford a litigant a remedy whereby he may be relieved of the consequences of the mistakes or negligence of his trial counsel. Bartolini v. Popovitz, 108 Ill App2d 89, 94-95, 246 NE2d 834. See also Stoller v. Holdren, 47 Ill App2d 81, 82-83, 197 NE2d 492.

The Beeguns have not acted with diligence and dispatch in the filing of the instant petition. Max Beegun is an attorney practicing law in the Chicago area. The Beeguns were notified of the action against them when plaintiff filed her case, and chose to submit the conduct of the case to their insurance carrier and, impliedly, the attorney chosen by the carrier. In their petition for

relief under section 72, the Beeguns nowhere allege facts showing that they followed the status of their case, and allege only two occasions when they requested information as to the pleadings and other matters filed in the case from their counsel. A litigant has the duty to follow the progress of his case, and he may not simply assume that his counsel is doing everything necessary and proper in the conduct thereof. Bartolini v. Popovitz, 108 Ill App 2d 89, 94–96, 246 NE2d 834.

■ The Beeguns were advised of the judgment against them and of the pendency of the appeal in the wrongful death action in July 1967, and yet it was not until almost three months later that they retained their own counsel to handle the appeal, and then only after the counsel originally retained by the insurance carrier had been granted leave to withdraw from the case and the insurance carrier had ceased operations. Under all the circumstances the trial court did not abuse its discretion in denying the relief prayed in the section 72 petition.

For these reasons the order is affirmed.

Order affirmed.

McCORMICK, P. J. and LYONS, J., concur.