GEORGE SILNY, Plaintiff-Appellant, v. MITCH LORENS, Defendant-Appellee.

First District (1st Division) No. 78-943

Opinion filed June 25, 1979.

Thomas M. Joyce, of Chicago, for appellant.

Feiwell, Galper & Kasky, Ltd., of Chicago (Michael J. Kralovec, of counsel), for appellee.

Mr. JUSTICE McGLOON delivered the opinion of the court:

In September of 1977, the trial court entered a default judgment in favor of plaintiff, George Silny, and against defendant Mitch Lorens, in the amount of $3,000. Several months subsequent to the judgment, Lorens filed a petition under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 72) seeking a vacatur of the judgment. The trial court granted the petition, vacated the judgment, and set the cause for trial. Silny then filed a special and limited appearance and moved the court to vacate its order granting the section 72 petition. Silny argued that he was not served properly with the petition and that the trial court lacked jurisdiction to entertain the motion. The trial court denied Silny's motion. Silny now appeals from both the order granting the section 72 petition and the order denying his motion to vacate that order.

Silny argues that the trial court erred in entering the above orders because it lacked jurisdiction to hear the section 72 petition. Silny bases his argument on the fact that Lorens failed to comply with the provisions in Supreme Court Rules 105 and 106 (Ill. Rev. Stat. 1977, ch. 110A, pars. 105, 106) concerning the notice requirements of a petition filed under section 72 of the Civil Practice Act.

We reverse and remand.

In February of 1977, plaintiff filed a complaint against Alscot Corporation, d/b/a Ambassador Air Conditioning. The complaint alleged in substance that plaintiff performed services for the corporation and had never been paid. Alscot Corporation responded with a motion to dismiss the complaint and attached exhibits reflecting that the Alscot Corporation had been dissolved more than two years prior to the filing of the above complaint. Pursuant to the above motion, the trial court ordered that the complaint be dismissed. Silny then filed a motion captioned "Motion to Amend Complaint" which sought in part to vacate the order of dismissal, dismiss the complaint as to Alscot Corporation, and add Mitch Lorens as a defendant. On June 1, 1977, the trial court entered an order vacating the prior order of dismissal, dismissing Alscot Corporation without prejudice, and adding Mitch Lorens as a defendant. Lorens was then served with summons through his wife. Lorens failed to file an appearance and on September 15, 1977, after a hearing at which

plaintiff proved damages in the amount of $3,000, the trial court entered a default judgment against Lorens in that amount.

Several months subsequent to the entry of the default judgment, Lorens filed a petition under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 72) seeking a vacatur of the default judgment. Attached to the petition was the affidavit of Mitch Lorens indicating that Lorens had retained attorneys to represent the original defendant, Alscot Corporation; that at all times Lorens believed the matter was being handled by the attorneys; and that it was not until after receipt of a citation to discover assets set for November 3, 1977, that he learned a judgment had been entered against him personally.

Defendant served the section 72 petition and notice of motion setting a hearing for December 2, 1977, on Mr. John Curielli, an attorney who had represented the plaintiff in the original action. For reasons which do not appear of record, no action was taken on December 2, 1977. On December 15, 1977, the trial court vacated the order granting the default judgment. On December 27, 1977, plaintiff, through his attorney, Thomas Joyce, filed a special and limited appearance to contest the jurisdiction of the court to grant the section 72 petition. In his motion, Silny contended that he had never been served with proper notice of the petition and requested the court to vacate its order granting the petition. Attached to the motion was the affidavit of plaintiff's original attorney, John Curielli. The affidavit stated that Mr. Curielli was the attorney for Silny until shortly after the commencement of collection proceedings against Lorens and that on his advice Silny retained Thomas M. Joyce, an attorney, to effect collection of the judgment on September 15, 1977. The affidavit went on to state that on December 14, 1977, defendant's counsel telephoned Mr. Curielli, stated that he was presenting a section 72 petition the next day, and needed to know if Mr. Joyce would present a responsive pleading in the matter. The affidavit concluded stating that Mr. Curielli told defendant's attorney that he knew nothing of the matter, that Mr. Joyce now represented the plaintiff and was out of town and might not be back until December 15. The trial court denied plaintiff's motion and set the cause for trial.

We note that subsequent to the entry of the default judgment against Lorens a citation to discover assets was issued against Lorens. Although Silny's brief states that Mr. Curielli issued the citation, the citation itself in the record clearly reflects that Thomas Joyce was then Silny's attorney and that Thomas Joyce served Lorens with the citation by leaving a copy of the citation at Lorens' abode with Lorens' wife.

Silny now appeals from the orders of the trial court granting the section 72 petition and denying his motion to vacate the order granting that petition. Plaintiff argues that the trial court lacked jurisdiction to hear

the petition because Lorens failed to comply with the provisions of Supreme Court Rules 105 and 106 (Ill. Rev. Stat. 1977, ch. 110A, pars. 105, 106) relating to the notice requirements of a section 72 petition. We agree. ■■ Although filed in the same case under the same number and title, a section 72 petition is regarded as an independent action and the respondent named in the petition must be notified anew. (*Public Taxi Service, Inc. v. Ayrton* (1973), 15 Ill. App. 3d 706, 304 N.E.2d 733.) If the notice is invalid, jurisdiction is lacking and subsequent orders are likewise invalid. (*Andonoplas v. Jaremko* (1972), 9 Ill. App. 3d 298, 292 N.E.2d 225.) Supreme Court Rules 105 and 106 indicate that notice of a section 72 petition shall be served in one of the following three ways: (1) by the method provided by law for service of summons; (2) by prepaid registered mail; (3) by publication. See Ill. Rev. Stat. 1977, ch. 110A, par. 105(b).

Lorens admits that the section 72 petition was not served in the manner provided by Supreme Court Rules, but argues that the instant case is one in which an exception should be made to the strict adherence to the service requirements provided by the rules. That argument is not a novel one. In *Public Taxi Service, Inc. v. Ayrton* (1973), 15 Ill. App. 3d 706, 304 N.E.2d 733, it was undisputed that the petitioner used none of the methods of service prescribed in Rule 105(b). Instead, the petitioner served notice of his section 72 petition on respondent's attorney. Noting that the attorney was empowered to collect the judgment, represented the judgment creditor in the garnishment proceedings, and was trying to enforce the judgment at the time he received the defendant's notice of motion to vacate, the court in *Ayrton* held that under the circumstances there was a need for an exception to the three methods of service prescribed in Rule 105(b) and ruled that service of the section 72 petition on the respondent's attorney was sufficient. The *Ayrton* court stated that notice upon an attorney should be allowed for a section 72 petition when the original attorney is in court representing the opposite party in a matter ancillary to the original judgment. However, we note the difficulties that the petitioner in *Ayrton* faced in attempting to serve notice as provided by the rules. The petitioner went to the extent of hiring an investigator to locate the respondent's address and was unsuccessful thus making it impossible to serve the respondent personally or by registered mail. While the court noted that no attempt was made to serve the respondent by publication, the third method prescribed by Rule 105(b), it did indicate that notifying the respondent through his attorney was far better than resorting to publication. The court stated:

> "* * * To insist that Ayrton should have gone through the motion of serving notice by publication would be paying obeisance to a ritualistic gesture rather than recognizing a factual

accomplishment." 15 Ill. App. 3d 706, 713, 304 N.E.2d 733, 739.

Certainly, under certain circumstances the need may arise for an exception to the three methods of service outlined in Supreme Court Rule 105(b). However, the instant circumstances do not give rise to such a need. Unlike the petitioner in *Ayrton*, Lorens made no effort to ascertain Silny's address so that he could be served personally or by registered mail. Moreover, unlike the situation in *Ayrton*, Mr. Curielli, the attorney who received notice of the section 72 petition, did not represent Silny at the time he received such notice. This fact was readily available to Lorens because the citation to discover assets listed Mr. Thomas Joyce, not Mr. John Curielli, as attorney of record.

Another factor relied upon by the court in *Ayrton* was considerations of equity. In *Ayrton*, petitioner aggressively defended both suits against her; in violation of an agreement made between the attorneys, both respondents increased their *ad damnum* in the original cases and had default judgments entered; one of the plaintiffs had already signed a general release of all claims against the defendant; and the attorney for one of the plaintiffs, although knowing his client's address, would not give the address to the defendant so that defendant could serve the section 72 petition in accordance with the rules. The *Ayrton* court noted that a section 72 petition was to be considered in light of equitable principles and concluded that the facts before them "[cried] out for equitable relief." (15 Ill. App. 3d 706, 708, 304 N.E.2d 733, 736.) The facts of the instant case do not so mandate equitable relief. Unlike the questionable procedures preceding the default judgment in *Ayrton*, the instant default judgment was a product of defendant's failure to appear in court although properly served with process.

■ We conclude that *Ayrton* is inapposite to the case before us and that Lorens should have served Silny with notice of the section 72 petition in accordance with supreme court rules. We see no need under the facts of this case to carve out an exception to the service requirements of those rules. See generally *Grover v. Franks* (1975), 27 Ill. App. 3d 900, 327 N.E.2d 71.

Lorens has filed in this court a motion to strike appellant's brief because the statement of facts in the brief fails to cite the appropriate references to pages of the record on appeal as required by Supreme Court Rule 341. (See Ill. Rev. Stat. 1977, ch. 110A, par. 341(e)(6).) The motion further argues that appellant's brief should be stricken due to certain "erroneous, unsupported, and misleading" statements in that brief. Attached to Lorens' motion is an affidavit of his attorney which purports to represent what actually occurred in the trial court. We ordered that the motion be taken with the case and now deny that motion for the reasons indicated below.

■■ It is well established that an attorney's affidavit may not be used to supplement the record on appeal (*Vogelsang v. Credit Life Insurance Co.*

(1970), 119 Ill. App. 2d 67, 255 N.E.2d 479), and that an affidavit which was not filed in the trial court and not part of the record on appeal will not be considered by a reviewing court. (*Kazubowski v. Kazubowski* (1970), 45 Ill. 2d 405, 259 N.E.2d 282. Our understanding of the facts in this case is derived from the record, not matters *dehors* the record of which we may not take notice. (*Keehner v. A. E. Staley Manufacturing Co.* (1977), 50 Ill. App. 3d 258, 365 N.E.2d 275.) It is true that Lorens' motion accurately notes that appellant's brief cites no record references. Without condoning that failure, we believe that it would be a harsh sanction under the circumstances to strike his brief for that reason. The instant record is short and the facts uncomplicated. We believe the matter is one within our discretion (see *People v. Dandridge* (1970), 120 Ill. App. 2d 209, 256 N.E.2d 676), and within that discretion order the motion denied.

For the foregoing reasons, we reverse the order of the trial court denying plaintiff's motion requesting a vacatur of the order granting defendant's section 72 motion and remand the cause to the trial court with directions to vacate the order granting the section 72 petition.

Order reversed; cause remanded with directions.

GOLDBERG, P. J., and O'CONNOR, J., concur.