LAWRENCE WELFELT, Plaintiff-Appellee, v. SCHULTZ TRANSIT COMPANY, Defendant-Appellant.

First District (4th Division) No. 85—0644

Opinion filed May 29, 1986.

768

Jack F. Clifford & Associates, of Chicago (Jack F. Clifford and John W. Clifford, of counsel), for appellant.

Law Offices of Dennis M. Cooley, of Chicago (Hubert E. Hermanek, Jr., of counsel), for appellee.

JUSTICE JOHNSON delivered the opinion of the court:

Plaintiff, Lawrence Welfelt, brought an action against defendant, the Schultz Transit Company, in the circuit court of Cook County. Plaintiff sought damages for injuries that he suffered due to defendant's alleged negligence in operating a motor vehicle. On April 22, 1982, the trial court dismissed the action pursuant to a settlement agreement. Defendant now appeals from the trial court's order granting plaintiff's petition to vacate the dismissal order pursuant to section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—1401). Defendant contends that the trial court erred in denying its motion to quash the petition because plaintiff did not serve the petition on defendant but, rather, its attorney. Defendant also contends that the trial court improperly granted plaintiff's amended petition without giving defendant leave to answer. Defendant additionally contends that the trial court erred in granting the petition because (1) the settlement agreement that plaintiff's attorney entered into bound plaintiff, and (2) the petition to vacate the dismissal order did not allege sufficient facts to support relief under section 2—1401.

We reverse.

On April 22, 1982, the trial court entered an order stating that the parties had settled the case by mutual agreement and dismissed the

action with prejudice, except that it would adjudicate, upon request, liens on the settlement. The report of proceedings before Judge L. Sheldon Brown on April 22, 1982, shows that the settlement amount was $24,000. The record further shows that plaintiff's attorney, Charles A. Boyle, stated that he understood the settlement to be final, irrespective of the court's final disposition of the liens. On May 13, 1982, the trial court entered an order adjudicating the liens, including one for attorney fees in the amount of $8,000 and another from the Department of Public Aid in the amount of $16,036.07.

On May 27, 1982, plaintiff filed a motion to vacate the dismissal order containing the settlement agreement. In the report of proceedings on that date, attorney Boyle told Judge Brown that plaintiff wished to settle after he conferred with plaintiff and a friend of plaintiff's the night before the settlement conference. Attorney Boyle also stated that plaintiff was present at part of the settlement conference and then accepted the $24,000 settlement before he left Judge Brown's chambers. Attorney Boyle then withdrew from the case. Receiving leave to address the court, plaintiff claimed that he did not know the settlement amount when he left the conference and that he immediately objected to the settlement upon learning its amount from attorney Boyle as they were leaving the courthouse.

The trial court denied plaintiff's motion to vacate the dismissal order. Noting that it entered the order on April 22 and that plaintiff filed his motion to vacate that order on May 27, the court found that more than 30 days had elapsed since its entry of the order. Thus, it lost jurisdiction to vacate its order (Ill. Rev. Stat. 1983, ch. 110, par. 2—1203). Plaintiff then appealed, *pro se*, the April 22 order to this court. We dismissed the appeal for lack of jurisdiction, pursuant to Supreme Court Rule 303(a) (103 Ill. 2d R. 303(a)).

On April 23, 1984, Marshall I. Teichner, plaintiff's attorney prior to Boyle, filed a petition under section 2—1401 of the Code of Civil Procedure seeking to vacate the April 22, 1982, dismissal order. On July 23, 1984, plaintiff, by attorney Teichner, filed an amended petition. Both of these petitions were supported by only the affidavit of Teichner stating that the allegations in the petition were true and correct. Defendant entered a special and limited appearance moving to quash the petition because plaintiff never served it on defendant but only on defendant's attorney.

Attorney Teichner sought and received leave of court to withdraw as plaintiff's attorney on August 16, 1984. On September 26, 1984, Judge Edwin M. Berman denied defendant's motion to quash the petition. Defendant then moved to dismiss the petition, which the trial

court granted on November 5, 1984, but gave plaintiff leave to file a second amended petition.

Plaintiff, through his present attorney, filed a second amended petition pursuant to section 2—1401, supported by plaintiff's affidavit, captioned incorrectly as an "amended petition." Plaintiff alleged that Judge Brown entered the settlement order without his consent; that he immediately objected to the settlement and told his former attorney and Judge Brown that it was unacceptable; that he thereafter assumed his attorney would vacate the order and try the case; that he appeared on May 27, 1982, believing his case would be tried but, instead, his attorney filed a motion to vacate which the court denied because it was untimely filed; that he then filed an appeal which the appellate court denied; that he had shown diligence in pursuing the motion to vacate in that he filed his first section 2—1401 petition only after he lost his appeal and went to seek other counsel; that he had a meritorious cause of action; and that he filed the petition within two years of the date of the dismissal order.

Defendant moved to dismiss the second amended petition. Defendant first argued that the trial court should have quashed the petition because plaintiff did not serve the petition on it, but, rather, on its attorney. Defendant also alleged that (1) the court must dismiss the second amended petition because neither the Code of Civil Procedure nor the supreme court rules authorize a second post-judgment motion, (2) plaintiff failed to allege in the petition sufficient reasons to vacate the dismissal order, and (3) plaintiff failed to state facts in the petition sufficient to show due diligence. On February 7, 1984, Judge Berman granted the petition, vacated the April 22, 1982, dismissal order, and placed the cause on the trial call. It is from this order that defendant appeals.

■■ Section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—1401), formerly section 72 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 72), provides a statutory mechanism by which a trial court may vacate a final order or judgment more than 30 days after its entry, i.e., following the time when it may no longer review or alter such an order or judgment. A petition under this section is not a continuation of the original proceeding but a commencement of a new cause of action. As such, a section 2—1401 petition constitutes the moving party's pleading. Lofendo v. Ozog (1983), 118 Ill. App. 3d 237, 239, 454 N.E.2d 806, 809.

Defendant first contends that the trial court should have quashed the 2—1401 petition because plaintiff did not serve the petition on it, but, rather, on its attorney.

■ A party seeking relief under section 2—1401 must give notice to opposing parties according to supreme court rules. (Ill. Rev. Stat. 1983, ch. 110, par. 2—1401(b).) Supreme Court Rule 106 (103 Ill. 2d R. 106) directs the moving party to provide notice *via* the methods set forth in Rule 105 (87 Ill. 2d R. 105). Rule 105 provides that notice be directed to the party and must be served either by summons, prepaid registered mail, or by publication. (87 Ill. 2d R. 105.) If the notice is invalid, the trial court lacks jurisdiction and its subsequent orders are likewise invalid. *Silny v. Lorens* (1979), 73 Ill. App. 3d 638, 641, 392 N.E.2d 267, 269.

There are two exceptions to this rule. The facts in the instant case fall in neither. First, when an opposing party appears and argues the merits of a 2—1401 petition despite failure of receipt of proper notice, a court will deem him to have waived the jurisdictional defect and will treat his appearance as a general appearance as to the section 2—1401 proceeding. *Fleming v. Walls* (1978), 65 Ill. App. 3d 352, 355, 382 N.E.2d 571, 575.

■ The record in the instant case shows that defendant's attorney received notice of plaintiff's 2—1401 petition, and not defendant. The record further shows that defendant filed a special and limited appearance solely to contest the trial court's jurisdiction and to move that the trial court quash the petition. After the trial court denied defendant's motion to quash the petition, the record shows that defendant repeated its contention that the court lacked jurisdiction due to the notice defect before it argued its motion to dismiss. We conclude that defendant did not waive the jurisdictional defect. See *Silny v. Lorens* (1979), 73 Ill. App. 3d 638, 392 N.E.2d 267.

■ Second, this court has found an equitable exception to the three methods of service of process prescribed by Rule 105(b). Service of a 2—1401 petition on a party's attorney of record in the original proceeding and not the party itself is sufficient when the original attorney is in court representing his or her client in a matter ancillary to the original judgment. (*Public Taxi Service, Inc. v. Ayrton* (1973), 15 Ill. App. 3d 706, 712, 304 N.E.2d 733, 739.) This exception to the notice requirements of a 2—1401 petition is extremely narrow. We constructed it to provide the relief that we deemed necessary under the particular and extreme circumstances of that case. We strictly construe *Ayrton* in applying it to the facts of each case before finding an equitable exception to the requirements of the supreme court rules. (*Armis Construction Co. v. Cosmopolitan National Bank* (1985), 134 Ill. App. 3d 177, 181-82, 479 N.E.2d 1111, 1114-15.) The record in the case at bar shows that defendant's attorney made no general appear-

ance in court to represent defendant in any matter ancillary to the April 22 dismissal order. We conclude that the equitable exception of *Ayrton* is not applicable to the case at bar.

■ Further, we cannot say that the facts in the instant case "cry out for equitable relief" as in *Public Taxi Service, Inc. v. Ayrton* (1973), 15 Ill. App. 3d 706, 708, 304 N.E.2d 733, 736. The record contains evidence that plaintiff was present at the settlement conference and initially approved the settlement amount, but later changed his mind. The legislature did not intend a 2—1401 petition as a remedy for a belated change of mind. *Lofendo v. Ozog* (1983), 118 Ill. App. 3d 237, 241, 454 N.E.2d 806, 810.

■ Additionally, plaintiff alleged in his second amended petition that after the April 22, 1982, dismissal order, he assumed attorney Boyle would "vacate said Order" and try the case at the May 27, 1982, hearing instead of filing a motion to vacate the April 22 order. It is the duty of a litigant to follow the progress of her case; she may not simply assume that her attorney is doing everything necessary and proper in the conduct of the litigation. (*Mitchell v. Seidler* (1979), 68 Ill. App. 3d 478, 483, 386 N.E.2d 284, 287.) A 2—1401 petition does not relieve a litigant of the mistakes or negligence of her trial counsel. *Stewart v. Beegun* (1970), 126 Ill. App. 2d 129, 134, 261 N.E.2d 495, 498.

Thus, even if we were to reach the merits of plaintiff's second amended petition, these principles would require us to reverse the trial court's grant of relief. *Lofendo v. Ozog* (1983), 118 Ill. App. 3d 237, 241, 454 N.E.2d 806, 810; *Stewart v. Beegun* (1970), 126 Ill. App. 2d 129, 134, 261 N.E.2d 495.

■ We hold that the trial court lacked jurisdiction over plaintiff's 2—1401 petition due to plaintiff's failure to provide proper notice according to supreme court rules. Because the trial court lacked jurisdiction over the petition, its subsequent order that granted the petition, which vacated the April 22, 1982, dismissal order and placed the cause on the trial call, is likewise invalid. *Silny v. Lorens* (1979), 73 Ill. App. 3d 638, 641, 392 N.E.2d 267, 269.

For the foregoing reasons, the order of the trial court denying defendant's motion to quash plaintiff's 2—1401 petition is reversed, and the subsequent order of the trial court granting the petition is vacated.

Order reversed.

LINN, P.J., and JIGANTI, J., concur.