ALLSTATES TOOL CORPORATION, Plaintiff and Counterdefendant and Judgment Debtor-Appellee, v. ARACHNID, INC., Defendant and Counterplaintiff and Judgment Creditor-Appellant.

First District (3rd Division)   No. 87—3238

Opinion filed December 21, 1988.

574

Maurice J. McCarthy, of Chicago, for appellant.

Thomas J. McDonough, of Chicago, for appellee.

JUSTICE FREEMAN delivered the opinion of the court:
Defendant/counterplaintiff, Arachnid, Inc. (Arachnid), appeals from an order of the trial court which: (1) vacated a dismissal for want of prosecution against plaintiff/counterdefendant, Allstates Tool Corporation (Allstates), on its complaint; and (2) vacated a default judgment entered against Allstates on Arachnid's counterclaim. On appeal defendant asserts that the trial court improperly proceeded *sua sponte* in vacating the default judgment and dismissal for want of prosecution more than 3½ years after final judgment was entered in the cause. Further, defendant asserts that the trial court failed to meet the requirements of section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—1401) in entering the order.

For the reasons stated below, we reverse the judgment of the circuit court and remand the matter to the trial court.

The record indicates the following. On December 23, 1981, plaintiff filed its complaint against defendant to recover the unpaid balance of the purchase price of certain goods. Arachnid filed an answer and counterclaim, asserting that the goods were nonconforming and seeking damages for breaches of warranties. Allstates failed to appear for a scheduled pretrial conference on December 23, 1983. On that date, Judge William Kelly entered an order dismissing Allstates' complaint for want of prosecution and entering a default judgment against Allstates on Arachnid's counterclaim. Judge Kelly ordered the matter

sent to an assignment judge for a prove up of damages on the counterclaim. After a hearing on January 30, 1984, Judge Jacques Heilingoetter entered an order in favor of Arachnid and against Allstates, on the prove up of the counterclaim, in the amount of $45,061.23.

Allstates filed a petition to vacate the judgment. After a hearing on May 30, 1984, Judge Heilingoetter denied the petition. On June 21, 1984, Allstates filed a motion for rehearing. After a hearing on July 12, 1984, Judge Heilingoetter vacated the default order on the issue of damages only and returned the matter to the trial call for a hearing on damages only. On July 27, 1984, Judge Heilingoetter entered a *nunc pro tunc* order which corrected a clerical error in the order of July 12, 1984. There is no objection in the instant appeal to the clerical correction.

On July 30, 1984, Arachnid filed a notice of appeal from the order of July 12, 1984, and the corrected order of July 27, 1984. Also on July 30, 1984, Judge Kelly entered an order which reinstated the cause, vacated the default on the counterclaim, and set the matter for pretrial. Arachnid then filed a motion to strike Judge Kelly's order. On October 26, 1984, Allstates filed a motion in this appellate court for leave to supplement the record on appeal by including Judge Kelly's July 30, 1984, order. This court granted Allstates' motion to supplement and denied Arachnid's motion to strike the supplementation.

This court heard oral argument on Arachnid's appeal on October 30, 1985. An order pursuant to Supreme Court Rule 23 (107 Ill. 2d R. 23) disposing of the appeal was filed on March 19, 1986. Upon the denial of Arachnid's petition for rehearing, a supplemental Rule 23 order was issued on July 9, 1986. This court held that the entry of Judge Kelly's order on July 30, 1984, rendered moot the issues raised on appeal. The order held that the issue of the propriety of Judge Kelly's order was not properly before this court. Arachnid's appellate brief failed to contest the propriety of Judge Kelly's order, and Arachnid's notice of appeal failed to mention Judge Kelly's order. Further, Arachnid's assertion that Judge Kelly's order was entered *after* the notice of appeal was filed was not supported by the record. This court accordingly dismissed defendant's appeal.

On June 16, 1987, Arachnid filed in the trial court a motion to vacate Judge Kelly's order of July 30, 1984, as void, and an affidavit of counsel Julie Rosner. Rosner's affidavit indicates that counsel for Arachnid had received two separate notices of Allstates' motion to vacate. The notices of motion specified that a hearing on the motion was scheduled for 2 p.m. on July 30, 1984, before Judge Sorrentino. Rosner appeared in Judge Sorrentino's courtroom at 2 p.m. on July

30, 1984, but could not locate counsel for Allstates. The motion call record book indicated no such motion set by Allstates for that time. Rosner was unable to reach Allstates' counsel by telephone. Later that afternoon, counsel for Allstates telephoned Rosner and informed her that Judge Kelly had granted the motion *ex parte* that afternoon. Rosner went to Judge Kelly's courtroom on July 31, 1984, and Judge Kelly indicated he entered the *ex parte* order after a hearing at 2 p.m. on July 30, 1984.

Allstates filed a brief in opposition to the motion to vacate and an affidavit of counsel Sheila Murphy. The affidavit indicates that Murphy was informed by an associate of her cocounsel that the motion to vacate had been set on Judge Sorrentino's call for July 30, 1984. Murphy sat through Judge Sorrentino's motion call on that date. When the matter was called, Murphy approached the bench and handed Judge Sorrentino the motion. Judge Sorrentino asked why the case was before him. Murphy responded that she had been informed that Judge Kelly was ill. Judge Sorrentino stated that Judge Kelly was sitting and that the matter should be heard by Judge Kelly. Murphy then appeared before Judge Kelly. As Arachnid indicates, Murphy's affidavit fails to attach a copy of the motion. The affidavit states that the written motion Murphy presented to Judge Sorrentino on July 30, 1984, could not be located and apparently was kept by the judge.

On July 8, 1987, Arachnid filed a reply memorandum and supplemental affidavit of Julie Rosner. The affidavit indicates that Rosner sat through the motion call in courtroom 2005 (apparently Judge Sorrentino's courtroom) from around 2 p.m. to around 4 p.m. on July 30, 1984, but failed to hear the case called or to see Allstates' counsel, Sheila Murphy.

On July 17, 1987, Judge Kelly entered an order on Arachnid's motion to vacate. The order stated that the notice of the hearing of July 30, 1984, on the motion, and the entry of an *ex parte* order on that date, "may be flawed." The court cited its "inherent power to clarify ambiguous orders or to correct its own errors before the entry of a judgment adjudicating all the claims, rights and liabilities of all the parties." The order was entered on the court's own motion, pursuant to section 2—1301(e) of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—1301(e)) and Supreme Court Rule 304(a) (107 Ill. 2d R. 304(a)). The order states that the court's intent in entering the December 23, 1983, order dismissing the complaint for want of prosecution and granting a default judgment on the counterclaim "was not to dispose of the case as a sanction, but to induce compliance with court-ordered attendance at pretrial mediation." The court ordered

that a hearing be held *instanter* on the issue of vacating the default and dismissal order of December 23, 1983.

Arachnid filed a response in opposition to the court's motion, and Allstates filed a memorandum in support of the court's motion. On September 16, 1987, in an order prepared by the trial judge, the court held the following: (1) the order of December 23, 1983, dismissing the complaint for want of prosecution and granting a default judgment on the counterclaim is vacated; (2) the order of July 30, 1984, is superseded and vacated; (3) the motions of Arachnid of June 16, 1987, and July 8, 1987, seeking vacation of the July 30, 1984, order are stricken as moot; and (4) the complaint and counterclaim are returned to the trial call for a full trial not limited to damages.

On appeal Arachnid initially contends that the circuit court lacked jurisdiction under section 2—1301(e) of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—1301(e)) to enter its order of July 17, 1987, which allowed for a hearing to be held on the issue of vacating the December 23, 1983, order. Allstates concedes in its appellate brief that since more than 30 days elapsed from the entry of the December 23, 1983, default judgment to the entry of the July 17, 1987, order, the trial court could not properly rely on section 2—1301(e) for relief from the 1983 judgment.

Arachnid also contends that Supreme Court Rule 304(a) (107 Ill. 2d R. 304(a)) was improperly relied on by the trial court in the entry of the July 17, 1987, order, since a final and complete judgment of the cause was made upon the entry of judgment on the prove up on January 30, 1984. Supreme Court Rule 304(a) provides, in pertinent part:

> "If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal." 107 Ill. 2d R. 304(a).

■ We agree with Arachnid that the entry of judgment on the prove up on the counterclaim was a final adjudication of the issues in the case before the trial court. Plaintiff's complaint was dismissed for want of prosecution and a default judgment entered against plaintiff on the counterclaim by Judge Kelly on December 22, 1983. Upon entry of judgment on the issue of damages on the counterclaim, there remained no further issues before the court. Therefore, the trial court erroneously relied upon Supreme Court Rule 304(a), which allows for an appeal from judgments as to fewer than all parties or claims, in allowing for a hearing on the issue of vacating the December 1983 or-

der. Further, the required express finding under Rule 304(a)—that there was no just reason for delaying enforcement or appeal—was not made, and therefore Rule 304(a) could not be relied upon.

Arachnid further asserts that the denial on May 30, 1984, of All-states' section 2—1401 petition to vacate the January 30, 1984, order was a final and appealable order. Allstates failed to appeal from that order, and Arachnid asserts that Allstates cannot now obtain relief from the denial of the section 2—1401 petition. Further, Arachnid asserts that Judge Heilingoetter erroneously relied on section 2—1401 (Ill. Rev. Stat. 1983, ch. 110, par. 2—1401) in allowing a rehearing regarding the May 30, 1984, judgment on the issue of damages.

■ The denial of a section 2—1401 petition to vacate is a final, appealable order. (Ill. Rev. Stat. 1987, ch. 110, par. 2—1401; 107 Ill. 2d R. 304(b)(3); *Sullivan v. Bach* (1981), 100 Ill. App. 3d 1135, 427 N.E.2d 645; *Ruttenberg v. Red Plastic Co.* (1979), 68 Ill. App. 3d 728, 386 N.E.2d 616.) Further, a court loses jurisdiction over a matter once 30 days have passed following the entry of a final and appealable order if, during that time, neither party takes any legally proper action which delays the 30-day period. *People ex rel. McGraw v. Mogilles* (1985), 136 Ill. App. 3d 67, 482 N.E.2d 1114, citing *Slavick v. Michael Reese Hospital & Medical Center* (1980), 92 Ill. App. 3d 161, 166, 415 N.E.2d 1060.

In the instant case, plaintiff properly filed, pursuant to section 2—1203 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—1203), a motion for rehearing on its section 2—1401 petition on June 21, 1984, within the 30 days allowed for the filing of a petition for rehearing after final judgment. Therefore, the trial court retained jurisdiction over the cause. It was after a hearing on Allstates' petition for rehearing that Judge Heilingoetter, on July 12, 1984, vacated the judgment on the counterclaim regarding damages only.

■ In addition, Arachnid contends that Judge Kelly's July 30, 1984, order vacating the default and dismissal interfered with Arachnid's right to appeal the July 12 order, and that the July 30, 1984, order was void and constituted an abuse of discretion.

We hold that Judge Kelly's July 30, 1984, order was void, since there is no copy of any motion or petition in the record which could have formed the basis of the court's order. Allstates points to affidavits of counsel which state that counsel presented to the trial court a petition to vacate the December 1983 order, apparently pursuant to section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—1401). However, there is no other indication in the

record that any such petition was properly presented to the court. Absent such a petition, the trial court was without jurisdiction to vacate its earlier order.

Arachnid also contends that since Judge Kelly's July 30, 1984, order was void, the order was not subject to modification or correction and should have been vacated. Therefore, Arachnid asserts, the court's September 16, 1987, order, which superseded and vacated the July 30, 1984, order, is not valid. Nor, Arachnid contends, can the September 16, 1987, order be considered a *nunc pro tunc* modification of the July 1984 order, since the September 1987 order altered the substance of the earlier order. We agree with Arachnid's contentions and hold that Judge Kelly's July 17, 1987, and September 16, 1987, orders are invalid.

Finally, Arachnid requests this court to reinstate the January 30, 1984, order and judgment. Arachnid contends that Judge Heilingoetter's July 12, 1984, order allowing a new prove up of damages was erroneous, since Allstates failed to meet the requirements for seeking section 2—1401 relief from the January 1984 order.

Arachnid contends that Allstates' section 2—1401 petition to vacate the January 1984 judgment was defective in several ways. First, Allstates failed to serve Arachnid with a notice of motion, but rather served Arachnid's attorney. Arachnid asserts that notice was not given in the manner prescribed by supreme court rule.

■ A section 2—1401 petition is not a continuation of the original proceeding but a commencement of a new cause of action. (Ill. Rev. Stat. 1987, ch. 110, par. 2—1401(b); *Wilkens v. Dellenback* (1986), 149 Ill. App. 3d 549, 500 N.E.2d 692.) A party seeking relief under section 2—1401 must give notice to the opposing party according to supreme court rules. (Ill. Rev. Stat. 1987, ch. 110, par. 2—1401(b).) Supreme Court Rule 106 requires that notice of a section 2—1401 petition be given by the methods set forth in Rule 105. (107 Ill. 2d R. 106.) Supreme Court Rule 105 provides that notice must be directed to the party and must be served by summons, prepaid registered mail, or by publication. (107 Ill. 2d R. 105; *Welfelt v. Schultz Transit Co.* (1986), 144 Ill. App. 3d 767, 494 N.E.2d 699.) If the notice is invalid, the court lacks jurisdiction and subsequent orders likewise are invalid. *Silny v. Lorens* (1979), 73 Ill. App. 3d 638, 392 N.E.2d 267.

■ Where, however, the opposing party appears and argues the merits of a section 2—1401 petition despite defects in notice or service, the court considers any jurisdictional defect waived and will treat the party's appearance as a general appearance as to the section 2—1401 proceeding. (*Welfelt v. Schultz Transit Co.* (1986), 144 Ill.

App. 3d 767, 494 N.E.2d 699; *Slade v. Bowman* (1977), 49 Ill. App. 3d 242, 364 N.E.2d 922.) In the instant case, defendant's attorney failed to appear specially to object to the jurisdiction of the court. Rather, the record indicates that defendant's counsel appeared at the initial hearing on Allstates' section 2—1401 petition without contesting the jurisdiction of the court. Further, defendant filed an answer which raised grounds relating to the merits of plaintiff's section 2—1401 petition and which failed even to raise the jurisdictional argument. Defendant therefore waived any jurisdictional defects regarding plaintiff's petition.

■■ Further, Arachnid asserts that Allstates failed to file with the court its reply to "affirmative matters" raised in Arachnid's answer to the complaint and Allstates' affirmative defenses to the counterclaim of Arachnid, documents which Arachnid was relying on to show a valid and meritorious defense. Arachnid concedes that Allstates did attach these documents to its reply to Arachnid's response to Allstates' petition to vacate. Arachnid contends, however, that the reply and affirmative defenses never were properly filed with the court.

We do not find merit in Arachnid's assertion, since the documents were presented to the court prior to or on the date of the hearing on the petition to vacate, and since the documents were made of record. The trial court was fully apprised, before ruling on the motion to vacate, of the defense presented by Allstates.

In addition, Arachnid contends that the two attorney affidavits filed by Allstates were not by attorneys of record at the time of judgment. Therefore, Arachnid asserts, the affidavits fail to show that an attorney of record in January 1984 failed to obtain notice of the January 30, 1984, hearing. The petition of Allstates, however, asserts that Allstates' former counsel had withdrawn from the case and left the law firm during the pendency of the matter. Further, Allstates asserts that Arachnid was aware that Allstates' former counsel was no longer representing Allstates on the case. Whether Allstates received notice of the January 30, 1984, hearing is unclear from the documents of record and is a question of fact.

The record on appeal does not contain the transcript of proceedings from the May 30, 1984, hearing on Allstates' petition to vacate the January 1984 judgment, or from the July 12, 1984, hearing on plaintiff's motion for rehearing. Therefore, the scope of our review is limited to a consideration of whether the petition to vacate was substantially insufficient at law.

■■ In order to establish a legally sufficient petition under section 2—1401, a party must set forth factual allegations supporting each of

the following elements: (1) the existence of a meritorious defense or claim; (2) due diligence in presenting the defense or claim to the circuit court in the original action; and (3) due diligence in filing the section 2—1401 petition for relief. (*Smith v. Airoom, Inc.* (1986), 114 Ill. 2d 209, 499 N.E.2d 1381.) The petitioner must show these elements by a preponderance of the evidence. (*Airoom*, 114 Ill. 2d at 220-21.) The granting or denial of a section 2—1401 petition lies within the sound discretion of the trial court, "depending upon the facts and equities presented." *Airoom*, 114 Ill. 2d at 221.

■ In the instant case, the documents of record indicate that Allstates presented sufficient factual allegations to support each of the elements required to sustain its petition. Allstates filed its reply to the affirmative defenses of Arachnid regarding the alleged nonconforming goods which were the subject of the parties' dispute. Further, Allstates' attorneys filed affidavits indicating that they acted diligently in presenting the defenses and claims of their client and explaining the circumstances surrounding their failure to appear at the January 30, 1984, hearing. Allstates also alleged that it filed the section 2—1401 petition approximately one month after learning of the entry of the January 1984 judgment.

We hold that Allstates' petition and supporting documents sufficiently allege that Allstates acted reasonably. Absent the transcript of proceedings on the motion to vacate and the subsequent motion for rehearing, we cannot determine that, given all of the facts and equities presented, the trial court acted improperly. Accordingly, we will not disturb Judge Heilingoetter's May 30, 1984, order, which denied Allstates' petition to vacate the January 1984 judgment, or the July 12, 1984, order which vacated the judgment regarding damages only on the prove up.

For the foregoing reasons, we reverse the judgment of the circuit court and remand this matter to the trial court for further proceedings consistent with this opinion.

Judgment reversed and cause remanded.

McNAMARA and RIZZI, JJ., concur.