FRANK MRUGALA, Plaintiff-Appellant, v. FAIRFIELD FORD, INC., Defendant-Appellee.

First District (5th Division)   No. 1—99—2929

Opinion filed September 28, 2001.

Krohn & Moss, Ltd., of Chicago (Scott M. Cohen, of counsel), for appellant.

Clifford Law Firm, of Oak Forest (Robert J. Clifford, of counsel), for appellee.

JUSTICE REID delivered the opinion of the court:

Frank Mrugala appeals the trial court's orders which held that Mrugala revoked acceptance to a 1995 Chevrolet S-10 and subsequently required Mrugala to surrender the title to Fairfield Ford, Inc. (Fairfield). Mrugala contends that (1) the trial court lacked jurisdiction to hear Fairfield's petition under section 2—1401 of the Code of Civil Procedure (735 ILCS 5/2—1401 (West 1998)) due to improper notice, (2) the trial court lacked jurisdiction to modify the arbitration award, which was silent as to the issue of revocation or, alternatively, (3) Fairfield failed to act with due diligence in seeking to modify or reject the arbitration award. For the reasons that follow, we reverse.

## BACKGROUND

On or about May 29, 1996, Mrugala purchased a 1995 Chevrolet S-10 from Fairfield. The sale price of the Chevrolet S-10 was $34,037.70. Mrugala also purchased an extended warranty for the vehicle from GE Capital Insurance Services Agency, Inc. (GE). After experiencing continuous problems with the vehicle, which Fairfield was unable to repair, Mrugala attempted to revoke his acceptance of the vehicle. Fairfield refused to accept the revocation but remained in possession of the vehicle. Mrugala filed a complaint on April 15, 1998.

In his three-count complaint, Mrugala alleged claims against Fairfield for breach of written warranty and breach of implied warranty pursuant to the Magnuson-Moss Warranty Act and for revocation of acceptance pursuant to section 2310(d) of the Magnuson-Moss Warranty Federal Trade Commission Improvement Act (15 U.S.C. § 2301 et seq. (1994)). GE subsequently settled with Mrugala on August 3, 1998, and was dismissed as a party to this action on January 28, 1999.

On January 4, 1999, this matter was arbitrated in the Cook County mandatory arbitration program. Judgment was entered on the arbitration award, in favor of Mrugala, on February 18, 1999, in the amount of $30,447.20, inclusive of attorney fees and costs. The arbitration award was silent as to the issue of revocation or the requirement that Mrugala sign the vehicle over to Fairfield. Fairfield did not reject the award or file a notice of appeal.

Fairfield informed Mrugala that in order to receive the arbitration award he would have to present himself at Fairfield's offices and sign over the title to the vehicle and endorse a check which constituted a portion of the judgment made payable to Mrugala and the automobile lienholder. Mrugala refused.

Instead, Mrugala filed a levy with the sheriff's office. On April 8,

1999, Fairfield served on Mrugala's attorneys an emergency motion to stay the sheriff's sale and to enforce judgment pursuant to section 2—1401 of the Code of Civil Procedure. 735 ILCS 5/2—1401 (West 1998).

On April 9, 1999, in response to Fairfield's section 2—1401 petition, Mrugala's attorneys filed a special and limited appearance before the trial court objecting to the court's jurisdiction based on the lack of personal service. The court entered the special and limited appearance and continued the emergency motion until April 15, 1999. On April 15, 1999, the trial court entered an order where it held that: (1) there was a revocation of acceptance, (2) Fairfield's motion to. clarify was denied, and (3) Fairfield's motion to stay the sheriff's sale was denied.

On June 3, 1999, Fairfield filed a motion to enforce judgment and compel plaintiff to sign over to Fairfield the title to the vehicle. On August 4, 1999, the trial court entered an order requiring Mrugala to sign the title of the vehicle over to Fairfield. On August 18, 1999, the trial court entered an order requiring Mrugala to sign over the title of the vehicle to Fairfield within 21 days, and it also held that the previous orders of the court of April 9, April 15, August 4, and August 11 were final and appealable orders.

## ANALYSIS

Fairfield argues that this court lacks jurisdiction to hear this appeal because Mrugala failed to timely file a notice of appeal. Fairfield argues that Mrugala is appealing from the order which held that there was a revocation of acceptance, which was entered by the trial court on April 15, 1999. Fairfield argues that Mrugala's notice of appeal was filed late because Mrugala filed it on August 19, 1999, more than 30 days after the order of April 15, 1999, was entered.

Mrugala contends that he is appealing the order of August 18, 1999, and therefore, the notice of appeal that he filed on August 19, 1999, was timely filed. Mrugala also contends that he is appealing the orders of April 4, April 15, August 4, and August 11, which became final and appealable after the trial court entered the order on August 18, 1999. We agree.

On April 15, 1999, the trial court denied Fairfield's "Emergency Motion to Stay Sheriff Sale and Enforce Judgement." While the trial court also held that there was a revocation of acceptance, the trial court did not order Mrugala to surrender title and possession of the S-10 to Fairfield until August 18, 1999. The trial court's order of August 18, 1999, was appealable pursuant to Supreme Court Rule 304(b)(3) (155 Ill. 2d R. 304(b)(3)) as it granted relief to Fairfield pursuant to its section 2—1401 petition.

■ Our review of the record reveals that Mrugala's notice of appeal clearly states that he is appealing the order of August 18, as well as the previous orders entered by the trial court that were made final and appealable by the August 18 order. Mrugala's notice of appeal provides: "Now comes the appellant, Frank Mrugala *** appeals to the Appellate Court of Illinois, First District, from the decision and orders *** entered on April 9, 1999, April, 15, 1999, and August 18, 1999." Mrugala filed a notice of appeal one day after the August 18, 1999, order, well within the 30-day filing period for appeals. It is clear that this court has proper jurisdiction.

Mrugala, on the other hand, contends that the trial court lacked jurisdiction to hear Fairfield's emergency motion to stay the sheriff's sale and to enforce judgment filed pursuant to section 2—1401 of the Code of Civil Procedure. 735 ILCS 5/2—1401 (West 1998). Mrugala initially argues that the trial court lacked jurisdiction to enter any orders in the case after 30 days expired from the date the trial court entered judgment on the arbitration award in this case, February 18, 1999. Mrugala also argues that he did not receive proper notice because he was not personally served pursuant to the notice requirements of section 2—1401.

■ A party seeking relief under section 2—1401 must give notice to opposing parties according to the supreme court rules. Supreme Court Rule 106 (134 Ill. 2d R. 106) directs the moving party to provide notice via the methods set forth in Supreme Court Rule 105 (134 Ill. 2d R. 105), which provides that notice be directed to the party and must be served either by summons, prepaid registered mail, or by publication. If the notice is invalid, the trial court lacks jurisdiction and its subsequent orders are likewise invalid. *Welfelt v. Schultz Transit Co.*, 144 Ill. App. 3d 767, 772 (1986).

There are two exceptions to this rule. First, when an opposing party appears and argues the merits of a section 2—1401 petition despite failure of receipt of proper notice, a court will deem him to have waived the jurisdictional defect and will treat his appearance as a general appearance as to the section 2—1401 proceeding. *Welfelt*, 144 Ill. App. 3d at 772. Second, this court has found an equitable exception to the three methods of service of process prescribed by Rule 105(b). Service of a section 2—1401 petition on a party's attorney of record in the original proceeding and not the party itself is sufficient when the original attorney is in court representing his or her client in a matter ancillary to the original judgment. *Welfelt*, 144 Ill. App. 3d at 772.

In *Welfelt*, the plaintiff filed a petition pursuant to section 2—1401. The defendant entered a special and limited appearance moving to quash the petition because plaintiff only served the petition on the

defendant's attorney and never served it on the defendant. The *Welfelt* court held that the trial court lacked jurisdiction over plaintiff's section 2—1401 petition due to plaintiff's failure to provide proper notice according to supreme court rules. *Welfelt*, 144 Ill. App. 3d at 773.

■ Here, it is undisputed that Fairfield failed to personally serve Mrugala. Fairfield, like the plaintiff in *Welfelt*, only served the section 2—1401 petition on the opposing party's attorney. This clearly was improper service. The facts in this case do not fall into either of the exceptions for proper methods of service.

Fairfield argues that Mrugala waived any jurisdictional defects by making a general appearance or, in the alternative, that the motion to stay was not brought pursuant to section 2—1401. We disagree.

Mrugala did not make a general appearance and argue the merits as Fairfield contends. Instead, on April 9, 1999, Mrugala's attorney made a special and limited appearance where he orally objected to Fairfield's section 2—1401 petition on the basis of a lack of personal service. Also, the trial court's order of April 9, 1999, clearly states that Mrugala made a special and limited appearance.

Fairfield contends that the motion was "inadvertently" referenced as a section 2—1401 petition. Our review of Fairfield's motion reveals that it was clearly intended to be a section 2—1401 petition. The first sentence of the motion reads: "Now comes the Defendant, Fairfield Ford, Inc., *** pursuant to section 2—1401 of the Code of Civil Procedure (735 ILCS 5/2—1401) ***." The language clearly shows that the motion was not labeled as a section 2—1401 petition unintentionally. However, assuming *arguendo* that the trial court had proper jurisdiction to hear Fairfield's section 2—1401 petition, reversal would still be proper.

■ We hold that the trial court did not have jurisdiction to consider Fairfield's section 2—1401 petition as section 2—1401's application to arbitration cases is limited by Supreme Court Rule 91(a) (145 Ill. 2d R. 91(a)), which provides:

"Rule 91. Absence of Party at Hearing

(a) Failure to be Present at Hearing. The arbitration hearing shall proceed in the absence of any party who, after due notice, fails to be present. The panel shall require the other party or parties to submit such evidence as the panel may require for the making of an award. The failure of a party to be present, either in person or by counsel, at an arbitration hearing shall constitute a waiver of the right to reject the award and a consent to the entry by the court of a judgment on the award. In the event the party who fails to be present thereafter moves, or files a petition to the court, to vacate the judgment as provided therefor under the provi-

sions of the Code of Civil Procedure for the vacation of judgments by default, sections 2—1301 and 2—1401, the court, in its discretion, in addition to vacating the judgment, may order the matter for rehearing in arbitration, and may also impose the sanction of costs and fees as a condition for granting such relief."

The committee comments to Rule 91(a) indicate that the availability of relief under sections 2—1301 and 2—1401 should be limited to instances where the party's failure to attend the hearing was inadvertent.

In the instant case, both parties were present at the arbitration hearing. Consequently, pursuant to Rule 91(a), neither party could avail itself of section 2—1401 relief.

In *Akpan v. Sharma*, 293 Ill. App. 3d 100, 103-04 (1997), this court held:

"The Illinois rules *** establish one procedure for challenging awards entered in mandatory arbitration proceedings: a party must file a notice of rejection of the award and request a trial. As a limited exception, parties who fail to appear at an arbitration hearing may file a petition to vacate the judgment pursuant to sections 2—1301 and 2—1401 of the Code of Civil Procedure (735 ILCS 5/2—1301, 2—1401 (West 1994)). In such cases, the circuit court 'may order the matter for rehearing in arbitration.' 145 Ill. 2d R. 91(a)."

As both Mrugala and Fairfield were present at the arbitration hearing, either of them could have filed a rejection of the arbitration award and requested to proceed to trial. 145 Ill. 2d R. 93(a). However, as a consequence of both parties being present for the arbitration hearing, neither party could file a motion to vacate the award. *Guider v. McIntosh*, 293 Ill. App. 3d 935, 939 (1997).

Supreme Court Rule 92 provides in pertinent part:

"(c) Judgment on the Award. In the event none of the parties files a notice of rejection of the award and requests to proceed to trial within the time required herein, any party thereafter may move the court to enter judgment on the award.

(d) Correction of Award. Where the record and the award disclose an obvious and unambiguous error in mathematics or language, the court, on application of a party within the 30-day period allowed for rejection of an award, may correct the same. The filing of such an application shall stay all proceedings, including the running of the 30-day period for rejection of the award, until disposition of the application by the court." 155 Ill. 2d Rs. 92(c), (d).

Here, neither party filed a notice of rejection of the award and requested to proceed to trial within the 30 days after the arbitration panel granted the award. Further, neither party filed an application to

correct "an obvious and unambiguous error in mathematics or language" in the award.

■ The trial court committed error when it modified the substantive provisions of the arbitration award. Equitable relief such as revocation is not available in arbitration. It is clear from Supreme Court Rule 86(b) that a party can only receive monetary relief when an action goes to arbitration. Supreme Court Rule 86(b) (155 Ill. 2d R. 86(b)) explicitly states: "[a] civil action shall be subject to mandatory arbitration if each claim therein is *exclusively for money* in an amount or of a value not in excess of the monetary limit authorized by the Supreme Court for that circuit or county within that circuit, exclusive of interest and costs." (Emphasis added).

In *Kolar v. Arlington Toyota, Inc.*, 286 Ill. App. 3d 43, 46 (1996) (affirmed in the consolidated case of *Cruz v. Northwestern Chrysler Plymouth Sales Inc.*, 179 Ill. 2d 271 (1997)), we held:

> " '[T]he Supreme Court rules concerning mandatory arbitration should not each be interpreted in isolation; instead, they should be considered in conjunction with the other mandatory arbitration rules.' *Ratkovich v. Hamilton*, 267 Ill. App. 3d 908, 913 (1994). The rules should also be read in light of other applicable supreme court rules, the aforementioned circuit court rules (Cook Co. Cir. Ct. R. 18.1 through 18.7 (adopted January 10, 1990), 18.8 through 18.11 (adopted March 29, 1994), and enabling legislation (735 ILCS 5/2—1001A *et seq.* (West 1994)).
>
> After reviewing the Illinois mandatory arbitration scheme in its entirety, we conclude that the system is not to be used as a supplement to trial. Nor is the mandatory arbitration system to be used to decide certain issues piecemeal, while allowing the parties to go to trial on other issues. Rather, the system is an alternative to trial where all issues raised by the parties are decided by the arbitration panel. We note, however, that the committee comments to Supreme Court Rule 86(d) provide:
>
> > 'A claimant who believes he has a reasonable basis for having the matter removed from an arbitration track may move the court for such relief prior to hearing. Where there are multiple claims in the action, the court may exercise its discretion to determine whether all meet the requirements of eligibility for arbitration and if not whether a severance could be made of any or several without prejudice to the parties.' 155 Ill. 2d R. 86(d), Committee Comments."

Once the arbitration panel makes a decision concerning issues raised, the award is deemed an all-or-nothing proposition, which must either be accepted or rejected in its entirety. In the event a party was unsatisfied with the award, they could have rejected the entire award

and proceeded to trial. More importantly, the committee comments to Supreme Court Rule 86(d) specifically provide that a party could have sought removal from the arbitration track or severance of the issues prior to hearing. 155 Ill. 2d R. 86(d), Committee Comments.

If the parties in a matter decide to use arbitration to resolve their dispute, arbitration must dispose of all claims for relief. 155 Ill. 2d R. 92(b); *Cruz*, 179 Ill. 2d at 279. If a party is unhappy with the arbitrator's decision, that party has 30 days to reject or modify the award before it becomes final. Supreme Court Rule 93(a) states: "Within 30 days after the filing of an award with the clerk of the court *** any party who was present at the arbitration hearing *** may file with the clerk a written notice of rejection of the award and request to proceed to trial ***." 145 Ill. 2d R. 93(a).

In *Cruz*, the court stated:

"Under our rules for mandatory court-annexed arbitration, the role of the circuit court is limited. Where, as here, a case is subject to mandatory arbitration and is submitted to a panel of arbitrators for hearing, the responsibility for administering oaths, ruling on the admissibility of evidence, and, most importantly, deciding the law and facts of the case is expressly vested in the arbitrators. 166 Ill. 2d R. 90(a). The circuit court plays no role in adjudicating the merits of the case. Authority for making a determination in favor of one party or the other rests exclusively with the arbitrators, and Rule 92(b) expressly states that the arbitration panel's award 'shall dispose of all claims for relief.' 155 Ill. 2d R. 92(b).

Once the arbitration panel has made its award, the parties must accept or reject the award in its entirety. If none of the parties file a notice of rejection of the award and request to proceed to trial within the time specified under the rules, the circuit court has no real function beyond entering judgment on the award. 155 Ill. 2d R. 92(c). Although the court can correct an 'obvious and unambiguous error in mathematics or language' (155 Ill. 2d R. 92(d)), it cannot modify the substantive provisions of the award or grant any monetary relief in addition to the sums awarded by the arbitrators." *Cruz*, 179 Ill. 2d at 279.

In the case at bar, when neither of the parties filed a notice of rejection of the award or moved for correction of an error in the award, the circuit court's power was limited to taking the award and entering judgment on it. The arbitration award was silent as to revocation. The trial court did not have the power or jurisdiction to change this award to account for the revocation claim. As we noted earlier, the arbitrator could not rule on the issue of revocation because the arbitrator could not grant equitable relief. Fairfield did not argue below or on appeal that the trial court acted to correct an "obvious and unambiguous er-

ror in mathematics or language" as permitted by Rule 92(d). The trial court's subsequent orders of April 15, 1999, which found that there was a revocation of acceptance, and of August 18, 1999, which held that Mrugala must sign over the title of the vehicle to Fairfield, erroneously modified the substantive provisions of the arbitration award in violation of Supreme Court Rule 92(d) and the Illinois Supreme Court's holding in *Cruz*.

For the foregoing reasons, the decision of the trial court is reversed.

Reversed.

QUINN and THEIS, JJ., concur.